IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE, TEXAS

United States District Court
Southern District of Texas
FILED

DEC 17 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| VENANCIO SIFUENTES V. SURVIVING SPOUSE AND HEIR-AT-LAW OF EMILIA SANCHEZ RANGEL, DECEASED; MIENA ISAQUIRRE DE ROBLES, SURVIVING SPOUSE AND HEIR-AT-LAW OF ISIDRO ROBERTO ROBLES SAUCEDO, DECEASED; MARIA MARCELINA TREJO DE REYES, SURVIVING SPOUSE AND HEIR-AT-LAW OF RAMON REYES MACIEL, DECEASED; ESTELA GORMAN DE GUERRA, SURVIVING SPOUSE AND HEIR-AT-LAW OF JOSE HILARIO GUERRA SEPULVEDA, DECEASED; ANGELA DE SANTIAGO SURVIVING SPOUSE AND HEIR-AT-LAW OF FRANCISCO GUERRERO CADENA, DECEASED; RENE RODRIGUEZ, INDIVIDUALLY; RUBEN BLANADS M, INDIVIDUALLY; MARIA GUADALUPE ARROYO TOBIAS, SURVIVING SPOUSE AND HEIR-AT-LAW OF EFRAIN CISNEROS, DECEASED; AND ROSARIO VALLEJO RODRIGUEZ DE GARCIA SURVIVING SPOUSE AND HEIR-AT-LAW MIGUEL GARCIA, DECEASED<br>    Plaintiffs<br>VS.<br><br>KANSAS CITY SOUTHERN INDUSTRIES, INC.("KCSI");KANSAS CITY SOUTHERN RAILWAY COMPANY ("KCSR") GATEWAY WESTERN RAILWAY COMPANY; TEXAS MEXICAN RAILWAY; MEXRAIL, INC. KCSI COMPANY; GRUPO TRANSPORTACION FERROVIARIA MEXICANA, S. A. DE C.V.; MICHAEL R. HAVERTY, INDIVIDUALLY AND AS PRESIDENT AND CHIEF EXECUTIVE OFFICER OF KANSAS CITY SOUTHERN INDUSTRIES; AND MARIO GONZALES, INDIVIDUALLY AND AS CHIEF FINANCE OFFICER<br>    Defendants | §<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>§<br>§<br><br><br><br><br><br><br><br><br><br><br>§ | B-02-233<br>CAUSE NO_____<br>CIVIL |

## PLAINTIFFS' ORIGINAL COMPLAINT

MAY IT PLEASE THE COURT:

**COME NOW** VENANCIO SIFUENTES V.SURVIVING SPOUSE AND HEIR-AT-LAW OF EMILIA SANCHEZ RANGEL, DECEASED; MIENA ISAQUIRRE DE ROBLES, SURVIVING SPOUSE AND HEIR-AT-LAW OF ISIDRO ROBERTO ROBLES SAUCEDO, DECEASED; MARIA MARCELINA TREJO DE REYES, SURVIVING SPOUSE AND HEIR-AT-LAW OF RAMON REYES MACIEL, DECEASED; ESTELA GORMAN DE GUERRA, SURVIVING SPOUSE AND HEIR-AT-LAW OF JOSE HILARIO GUERRA SEPULVEDA, DECEASED; ANGELA DE SANTIAGO, SURVIVING SPOUSE AND HEIR-AT-LAW OF FRANCISCO GUERRERO CADENA, DECEASED; RENE RODRIGUEZ, INDIVIDUALLY; RUBEN BLANADS M,,INDIVIDUALLY; MARIA GUADALUPE ARROYO TOBIAS, SURVIVING SPOUSE AND HEIR-AT-LAW OF EFRAIN CISNEROS, DECEASED; AND ROSARIO VALLEJO RODRIGUEZ DE GARCIA SURVIVING SPOUSE AND HEIR-AT-LAW MIGUEL GARCIA, DECEASED and file their Original Complaint in the above styled and numbered cause and for grounds would show the Court the following:

### I.
### JURISDICTION AND VENUE

(1) The arises under 28 United States Code, Section 1350 and the North American Free Trade Agreement.

Section 1350 states the following:

> **§1350. Alien's action for tort**
> The district courts shall have original jurisdiction of any civil action by an alien for a tort only, committed in violation of the law of nations or a treaty of the United States.

(2) Venue is proper in that most Defendants have presence in the Southern District of Texas.

### II.
### PARTIES

(1) Plaintiff, VENANCIO SIFUENTES V.SURVIVING SPOUSE AND HEIR-AT-LAW OF EMILIA SANCHEZ RANGEL, DECEASED; residing in Calle Silla #235 Colonia Fraoc. Hacienda Los Portales, El Municipio De Santa Catarina, Nuevo Leon, Mexico.

(16) MICHAEL R. HAVERTY, INDIVIDUALLY AND AS PRESIDENT AND CHIEF EXECUTIVE OFFICER OF KANSAS CITY SOUTHERN INDUSTRIES;

(17) MARIO GONZALES, INDIVIDUALLY AND AS CHIEF FINANCE OFFICER.

III.
**FACTS**

(18) On the 18th of December 2000, Plaintiffs, all aliens tothe United States of America, were traveling on a local bus. Each Plaintiff was a duly paid passenger in the bus, in the morning at approximately 6:00 o'clock in the morning.

(19) While crossing a railroad track in the city of Santa Catarina, Nuevo Leon, Mexico, with about fifty (50) passengers on board, the bus was struck by an oncoming freight train on Avenue Diaz Ordaz and Cuauhtemoc, outside the metropolitan area of Monterrey, Nuevo Leon, Mexico.

(20) The train, owed by Defendants, some of which are Untied States corporations, dragged the bus for more than three hundred (300) yards, leaving on its path the bodies of several victims on the sides of the track.

(21) In total, there were seventeen (17) dead and many injured, to include the Plaintiffs herein as described in the paragraph designating the parties.

(22) The bus driver used all normal precautions however, the train failed to provide proper signals in violation of internationally accepted standards of safety.

(23) Nothing Plaintiffs could have done would have avoided the collision and the bus driver was not negligent.

(24) Defendants' negligence and gross negligence was the causal connection of the accident and all injuries.

(25) Defendants intervened with the official investigation so as to distract the findings. They also had the investigator fired.

IV
**CAUSE OF ACTION**

(26) Plaintiffs bring their action in negligence.

(3) In failing to timely apply the brakes to their train in order to avoid the collision in question;

(4) In failing to apply the brakes to their train in order to avoid the collision in question;

(5) In driving their train at a rate of speed which was greater than that which an ordinarily prudent person would have driven under the same or similar circumstances;

(6) In failing to sound the horn and failed to turn on the lights.

(7) failed to have rails to lower to signify that the train was approaching and having no blinking lights;

(8) failure to keep engineers sober.

Each of such acts and omission, singularly or in combination with other constituted negligence which proximately caused the collision and the injuries which the plaintiffs suffered.

(30) Defendants violated the laws of the nations in that Defendants actively participated in derailing governmental investigations against public interest.

(31) Defendants advertize in the continental United States of American that their company is in charge of all safety regulations and implementation of safety regulations.

(32) Yet there have been more than twenty (20) incidents, the object in this lawsuit and another twenty (20) since the accident.

(33) There are at least two (2) negative incidents per week.

(34) Defendants fie any individuals who attempt to enforce the safety rules.

(35) At the time of the accident, the train did not have the lights turned on therefore, even if the bus driver would have seen the train at a distance, the lights off on a train means that the train is not moving.

(36) Defendants refuse to check out the intoxicant level of the engineers driving the train.

(37) Defendants hid the black box and refuse to find it so that the police may investigate more.

(38) Plaintiffs' causes of action are based on abuse of power and official oppression. Furthermore, Defendants by misdirecting the investigation they knew of the official proceeding in progress, yet they concealed the part of the record and documents with intent to impair its verity or availability as evidence in the official

proceeding and also presented or sued documents with knowledge of its being falsely used and used it with the intent to affect the course of outcome of the official proceeding.

(39) As a direct and proximate result of the negligence of the defendants the plaintiffs suffered blows to the head, neck, back and other parts of the body and was thrown to the ground with great force and violence. The plaintiffs' entire body was bruised, battered, and contused, and the plaintiffs suffered great shock to the entire nervous system. The plaintiffs sustained a compound comminuted fracture. These injuries are permanent in nature, and in reasonable probability, the plaintiffs will suffer for along time into the future if not for the balance of his natural life. In this connection, the Plaintiffs will show that they had a life expectancy of several years most of the Plaintiffs lost their source of support and consortium.

(40) As a result of the injuries sustained by the Plaintiffs in the collision made the basis of this suit, the Plaintiffs have suffered severe physical and mental pain and anguish and in all reasonable probability, the plaintiffs will continue to suffer such mental and physical pain and anguish for a long time into the future, if not for the balance of their natural life. They were also damaged by way of loss of earnings and future earning capacity, medical expenses and property damages.

## V.
## DAMAGES

(41) Due to Defendants conduct, being willful, intentional and knowing, and due to such careless disregard for the rights of others, Plaintiffs allege exemplary damages should be imposed.

(42) The amount of actual damages is no less than $500,000.00 per Plaintiff. Exemplary damages should be three times the amount plus pain and suffering.

## VI.
## JURY REQUEST

(43) Plaintiffs demand a trial by jury and the fees have been paid and Plaintiffs request whatever the jury will award.

## VII.

**WHEREFORE**, the Plaintiffs request that the Defendants be cited to appear and answer and that on final hearing the Plaintiffs have judgment against the Defendants for an amount within the

jurisdictional limits of the Court, individually and severally together with prejudgment and postjudgment interest as provided by law, costs of Court and for such other and further relief, at law or in equity to which the Plaintiffs is justly entitled.

Respectfully submitted,

_____
MARIA GUADALUPE ARROYO TOBIAS, PRO SE
Calle Obreos Libre #237
Col. Martires de Cananea
Santa Catarina, N. L. Mexico

_____
ANGELA DE SANTIAGO, PRO SE
Calle San Martin Tuxtla #312
Col. San Gilberto
Santa Catarina, N. L. Mexico

_____
MIRNA IZAQUIRRE DE ROBLES, PRO SE
Obreros Libre #237
Col. Martires de Cananea
Santa Catarina, N. L. Mexico

_____
VENANCIO SIFUENTES V., PRO SE
Calle Silla #236
Fracc Hacienda Los Portales
Santa Catarina, N. L. Mexico

_____
RUBEN BLANCAS, PRO SE
Huerta #158
Col. Portales
Santa Catarina, N. L. Mexico

_____
ESTELA GUZMAN DE GUERRA, PRO SE
Calle Rincon De la Faa\ma #328
Infonavit Ricon Del Pte
Santa Catarina, N. L. Mexico

_____
MARIA MARCELINA TREJO DE REYES, PRO SE
1 Oriente #219
Col. Lopez Mateos
Santa Catarina, N. L. Mexico

_____
RAQUEL GARCIA VALLEJO, PRO SE
Calle Nva. Independencia #219, Col.
Independencia, Monterrey, N. L. Mexico

_____
RENE RODRIGUEZ, Pro Se
Calle 15 Ptc #320 Col.
Lopez Mateos, Santa Catarina N. L. Mexico