United States District Court
Southern District of Texas
FILED

JAN 1 3 2003

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| VENANCIO SIFUENTES et. al, § <br> § <br> Plaintiffs, § <br> § <br> vs. § <br> § <br> KANSAS CITY SOUTHERN INDUSTRIES, § <br> INC. et. al, § <br> § <br> Defendants. § | CIVIL CAUSE NO. B-02-233 |

## DEFENDANTS' MOTION TO DISMISS FOR
## LACK OF PERSONAL JURISDICTION

TO THE HONORABLE COURT:

NOW COMES Defendants Kansas City Southern Industries, Inc. n/k/a Kansas City Southern ("KCS") and Michael Haverty ("Haverty") and file this motion to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure and in support would show the Court as follows:

### FACTUAL BACKGROUND

1.  Plaintiffs allege injuries arising out of December 18, 2002 train/bus collision near Monterey, Mexico. *See Plaintiffs' Original Complaint* ¶ 18. All plaintiffs are "aliens to the United States" and reside in Mexico. *Id.* ¶ 1-9, 18.

2.  KCS is a publicly traded holding company, incorporated under Delaware law, and with its principal place of business in Kansas City, Missouri. Nadlman Aff. ¶ 2.[1]

---

[1] The affidavits of Jay M. Nadlman and Michael R. Haverty are attached hereto as Exhibits 1 and 2, respectively, and are incorporated herein.

3. Haverty is the President and Chief Executive Officer of Kansas City Southern ("KCS") and its wholly-owned subsidiary, The Kansas City Southern Railway Company ("KCSR"). *Haverty Aff.* ¶ 2.

4. As a holding company, KCS does not conduct business anywhere other than Missouri. It does not directly own any property or conduct any operations within the State of Texas. *Nadlman Aff.* ¶ 3.

5. KCS is not licensed to do business in Texas, nor does it have any offices, agents, representatives, bank accounts, telephone listings, property, or other assets in Texas. *Nadlman Aff.* ¶ 4.

6. Although KCS, through its subsidiaries, is an indirect minority investor in Grupo Transportacion Ferroviaria Mexicana S.A. de C.V. (the parent of TFM which operates a railroad in Mexico), neither KCS nor KCSR exercise operational control over TFM. *Nadlman Aff.* ¶ 11; *Haverty Aff.* ¶ 4.

7. The operations of KCS and KCSR are separate and distinct from the operations of the other corporate defendants named in this suit. Moreover, no officer of KCS or KCSR also serves as an officer of TFM or Grupo Transportacion Ferroviaria Mexicana, S.A. de C.V. *Haverty Aff.* ¶ 7.

8. Haverty has been named individually as a defendant in this lawsuit in his capacity as President and Chief Executive Officer of KCS. *Complaint* § II, ¶ 16.

9. Although he lived in Texas for a short period of time prior to 1980, Haverty has not individually owned or leased any real estate in the State of Texas since that time. *Haverty Aff.* ¶ 9.

10. Haverty currently resides in Mission Hills, Kansas. He has lived there for more than seven years. *Haverty Aff.* ¶ 10.

11. Since at least 1980, Haverty has not engaged in any business on his own behalf in the State of Texas, nor has he maintained a bank account in the State of Texas or paid taxes to the State of Texas other than perhaps personal use taxes (*i.e.*, sales taxes, hotel taxes, etc.) during trips to Texas. *Haverty Aff.* ¶¶ 11-13.

12. On one other occasion, Haverty was sued individually in the State of Texas. In that case, Haverty filed a special appearance contesting personal jurisdiction. After considering the evidence, the court ruled that it did not have personal jurisdiction over Haverty. *Haverty Aff.* ¶ 14 and exhibit A thereto.

## MOTION TO DISMISS KCS

13. KCS incorporates the above stated allegations.

14. The Court does not have specific jurisdiction over KCS because Plaintiffs' allegations arise out of an incident in Mexico.

15. Plaintiffs fail to allege any act of KCS in Texas that gives rise to their claims.

16. The Court does not have general jurisdiction over KCS because KCS does not routinely conduct business in Texas.

17. KCS is a publicly traded holding company. It does business exclusively within the State of Missouri.

18. Although KCS's subsidiary – KCSR – has significant operations in Texas, those contacts are not attributable to KCS in lieu of allegations of alter ego. *BMC Software Belguim, N.V. v. Marchand*, 83 S.W.3d 789, 798-99(Tex. 2002). Because Texas law presumes that two separate corporations are separate and distinct entities, Plaintiffs bear the burden of proving the

presence of an alter ego relationship. *Id.* The existence of stock ownership and interlocking directorship will not justify a court in disregarding the separate legal identities of corporations "unless such relationship is used to defeat public convenience, justify wrongs, ... protect fraud, or defend crime. *Id. quoting Bell Oil & Gas Co. v. Allied Chem Corp.*, 431 S.W.2d 336, 339 (Tex. 1968).

19. Here, Plaintiffs have made no allegations that KCS is the alter ego of KCSR and have proved nothing.

20. The assumption of jurisdiction by this Court over KCS would offend the traditional notions of fair play and substantial justice, depriving KCS of due process as guaranteed by the United States Constitution.

21. Accordingly, KCS moves that it be dismissed pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure due to the lack of personal jurisdiction.

## MOTION TO DISMISS HAVERTY

22. Haverty incorporates the above stated allegations.

23. The Court does not have specific jurisdiction over Haverty because Plaintiffs' allegations arise out of an incident in Mexico.

24. Plaintiffs fail to allege any act of Haverty in Texas that gives rise to their claims.

25. The Court does not have general jurisdiction over Haverty because he does not live in or routinely conduct business in Texas. As President and CEO of KCS and KCSR, Haverty's acts occur almost exclusively within Kansas and Missouri where he lives and works.

26. Under Texas law, jurisdiction over a defendant sued in his individual capacity generally cannot be based on jurisdiction over a corporation with which he is associated unless the corporation is the alter ego of the individual. *Solow v. Century Assets Corp.*, 12 S.W.3d 512,

516 (Tex. App.—Beaumont 1999, no pet.); *Brown v. General Brick Sales Co., Inc.*, 39 S.W.2d 291, 297-98 (Tex. App.—Fort Worth 2001, no pet.). The "fiduciary shield" doctrine protects an employee of a company from personal jurisdiction when the employee's actions are on behalf of his employer. *Garner v. Furmanite Australia Pty. Ltd.*, 966 S.W.2d 798, 803 (Tex. App.—Houston [1st Dist.] 1998, pet denied), *citing Stuart v. Spademan*, 772 F.2d 1185, 1197 (5th Cir. 1985).

27. The assumption of jurisdiction by this Court over Haverty would offend the traditional notions of fair play and substantial justice, depriving Haverty of due process as guaranteed by the United States Constitution.

28. Accordingly, Haverty moves that he be dismissed pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure due the lack of personal jurisdiction.

## CONCLUSION

WHEREFORE, the Defendants KCS and Haverty move that their Motion to Dismiss pursuant to Rule 12(b)(2) be granted.

Respectfully submitted,

HUNTON & WILLIAMS

By: *Paul O. Wickes with perm* /s/ RM Villagomez-Vela
Paul O. Wickes
**Attorney-In-Charge**
State Bar No. 00788663
Fed I.D. No. [application pending]
1601 Bryan St., 30th Floor
Dallas, Texas 75201
(214) 979-3000
(214) 880-0011 FAX

RODRIGUEZ, COLVIN & CHANEY, L.L.P.

By: /s/ RosaMaria Villagomez-Vela
RosaMaria Villagómez-Vela
State Bar No. 24008210
Fed I.D. No. 22983
Joseph A. Rodriguez
State Bar No. 17146600
Fed. I.D. No. 10107
1201 East Van Buren
Post Office Box 2155
Brownsville, Texas 78522
Tel: (956) 542-7441
Fax: (956) 541-2170

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of aforementioned document was served upon all pro se plaintiffs of record, to-wit:

Maria Guadalupe Arroyo Tobias
Calle Obreos Libre #237
Col. Martires de Cananea
Santa Catarina, N.L. Mexico

Estela Guzman (Gorman) De Guerra
Calle Rincon De La Fama #328
Infonavit Rincon del Pte
Santa Catarina, N.L. Mexico

Angela de Santiago
Calle San Martin Tuxtula #312
Col. San Gilberto
Santa Catarina, N.L. Mexico

Maria Marcelina Trejo De Reyes
1 Oriente #219
Col. Lopez Mateos
Santa Catarina, N.L. Mexico

Mirna Izaquirre De Robles
Obreros Libre #237
Col. Martires de Cananea
Santa Catarina, N.L. Mexico

Rene Rodriguez
Calle 15 Ptc #320
Col. Lopez Mateos
Santa Catarina, N.L. Mexico

Venancio Sifuentes V
Calle Silla #236
Fracc Hacienda Los Portales
Santa Catarina, N.L. Mexico

Raquel Garcia Vallejo
Calle Nva. Independencia #219
Col. Independencia
Monterry, N.L. Mexico

Ruben Blancas
Huerta #158
Col. Portales
Santa Catarina, N.L. Mexico

by regular mail and registered mail, return receipt requested pursuant to the Federal Rules of Civil Procedure, on this the 13th day of January 2003.

*[signature: Rosa Maria Villarreal Tela with permission for PAUL O. WICKES]*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| VENANCIO SIFUENTES *et. al*, | § | |
| Plaintiffs, | § § § | |
| vs. | § § | CAUSE NO. B-02-233 |
| KANSAS CITY SOUTHERN INDUSTRIES, INC. *et. al*, | § § § § | |
| Defendants. | § | |

### AFFIDAVIT OF JAY M. NADLMAN

STATE OF MISSOURI § 
§
COUNTY OF JACKSON §

BEFORE ME, the undersigned Notary Public, on this day personally appeared **JAY M. NADLMAN**, who, being by me duly sworn on oath deposed and said the following:

1. My name is Jay M. Nadlman. I am currently the corporate secretary for two of the companies named in the above referenced lawsuit. I am over 18 years of age and have personal knowledge of the facts contained in this affidavit.

2. I am the Corporate Secretary for Kansas City Southern ("KCS"), a defendant in the above styled case. KCS is a publicly traded holding company, incorporated under Delaware law, and with its principal place of business in Kansas City, Missouri.

3. As a holding company, KCS does not conduct business anywhere other than Missouri. It does not directly own any property or conduct any operations within the State of Texas.



EXHIBIT 1

4. KCS is not licensed to do business in Texas, nor does it have any offices, agents, representatives, bank accounts, telephone listings, property, or other assets in Texas.

5. KCS was previously known as "Kansas City Southern Industries, Inc.," but changed its name to "Kansas City Southern" on May 3, 2002.

6. I am also the Corporate Secretary of The Kansas City Southern Railway Company ("KCSR"). KCSR is a Missouri corporation with its principal place of business in Kansas City, Missouri. KCSR is wholly-owned by KCS.

7. KCSR operates a Class I railroad in several states within the United States including Texas, Missouri, Kansas, Oklahoma, Arkansas, Louisiana, Mississippi, and Alabama. KCSR does not own any track or operate any trains or locomotives in Mexico.

8. The lawsuit names Gateway Western Railway Company ("Gateway") as a defendant. Gateway no longer exists as a separate legal entity. In October 2001, Gateway merged into KCSR.

9. The lawsuit names "KCSI Company" as a defendant. I am not familiar with any legal entity doing business under that name.

10. The lawsuit complains about injuries arising out of a grade crossing accident occurring in Mexico. On information and belief, this accident involved a train operated by TFM, S.A. de C. V. ("TFM").

11. TFM is a corporation duly organized and existing under the laws of the United Mexican States. Although KCS and KCSR are indirect investors in TFM, neither entity exercises corporate or operational control of TFM or the other defendants named in this suit. Moreover, no officer of KCS or KCSR also serves as an officer of TFM or Grupo Transportacion Ferroviaria Mexicana S.A. de C.V.

Further Affiant sayeth not.

_____
JAY M. NADLMAN

SUBSCRIBED AND SWORN TO BEFORE ME by the said JAY M. NADLMAN, on this the 10th day of January 2003.

_____
Notary Public, State of Missouri

My Commission Expires 10-04-03

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| VENANCIO SIFUENTES *et. al,* | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | CAUSE NO. B-02-233 |
| | § | |
| KANSAS CITY SOUTHERN INDUSTRIES, INC. *et. al,* | § | |
| | § | |
| Defendants. | § | |

### AFFIDAVIT OF MICHAEL R. HAVERTY

| | |
|---|---|
| STATE OF MISSOURI | § |
| | § |
| COUNTY OF JACKSON | § |

BEFORE ME, the undersigned Notary Public, on this day personally appeared **MICHAEL R. HAVERTY**, who, being by me duly sworn on oath deposed and said the following:

1.  My name is Michael R. Haverty. I am over 18 years of age and have personal knowledge of the facts contained in this affidavit.

2.  I am the President and Chief Executive Officer of Kansas City Southern ("KCS") and The Kansas City Southern Railway Company ("KCSR"), two corporations sued in the above referenced lawsuit.

3.  The lawsuit alleges complaints arising out of a grade crossing accident occurring in Mexico. On information and belief, this accident involved a train owned and operated by TFM, S.A. de C. V. ("TFM").



EXHIBIT 2

4. Although KCS, through KCSR and other entities, is an indirect minority investor in Grupo Transportacion Ferroviaria Mexicana S.A. de C.V. (the parent of TFM), neither KCS nor KCSR exercise operational control over TFM.

5. KCSR operates a Class I railroad with operations solely within the United States.

6. TFM operates a railroad with operations solely within Mexico.

7. The operations of KCS and KCSR are separate and distinct from the operations of the other corporate defendants named in this suit. Moreover, no officer of KCS or KCSR also serves as an officer of TFM or Grupo Transportacion Ferroviaria Mexicana, S.A. de C.V.

8. I have also been named individually as a defendant in this lawsuit.

9. Although I lived in Texas for a short period of time prior to 1980, I have not individually owned or leased any real estate in the State of Texas since that time.

10. I currently reside in Mission Hills, Kansas. I have lived there for more than seven years.

11. Since at least 1980, I have not engaged in any business on my own behalf in the State of Texas.

12. Since at least 1980, I have not maintained a bank account in the State of Texas.

13. Since at least 1980, I have not paid taxes to the State of Texas other than perhaps personal use taxes (*i.e.*, sales taxes, hotel taxes, etc.) during trips to Texas.

14. On one other occasion I was sued individually in the State of Texas. In that case, my attorneys filed a special appearance contesting personal jurisdiction. After considering the evidence, the court ruled that it did not have jurisdiction over me, individually. A true and correct copy of the court's order is attached to this affidavit as Exhibit "A."

Further Affiant sayeth not.

                                                                _____
                                                               MICHAEL R. HAVERTY

SUBSCRIBED AND SWORN TO BEFORE ME by the said MICHAEL R. HAVERTY, on this the 10th day of January 2003.

My Commission Expires
10-04-03

                                                 _____
                                                 Notary Public, State of Missouri

NO. E-162,838

| | | |
|---|---|---|
| BECON INTERNATIONAL, INC. | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | 172nd JUDICIAL DISTRICT |
| | § | |
| THE KANSAS CITY SOUTHERN | § | |
| RAILWAY COMPANY AND | § | |
| RANDY D. GREENE | § | JEFFERSON COUNTY, TEXAS |

## ORDER SUSTAINING SPECIAL APPEARANCE

CAME ON TO BE HEARD the Special Appearance of Michael Haverty, Lou Van Horn, Robert Berry, Gerald Davies, and Jim Wochner, Defendants in this cause, whereby Defendants moved the Court to dismiss this cause on the grounds that Defendants are not amenable to process issued by the courts of this state. The Court, having considered the pleadings, evidence, and arguments of counsel, is of the opinion and finds that the Court does not have jurisdiction of the Defendants' person, and that such motion to the jurisdiction should be sustained.

IT IS, ACCORDINGLY, ORDERED by the Court that the Special Appearance motions of Defendants Michael Haverty, Lou Van Horn, Robert Berry, Gerald Davies, and Jim Wochner are hereby SUSTAINED, and that all causes of action and claims against Defendants Michael Haverty, Lou Van Horn, Robert Berry, Gerald Davies, and Jim Wochner are hereby DISMISSED for want of jurisdiction.

SIGNED 11/13 , 2001.

JUDGE PRESIDING

F:\wpdocs\6801\Pleadings\specialappearanceorder.wpd



EXHIBIT "A"