IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JAN 1 3 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| VENANCIO SIFUENTES *et. al*, | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| vs. | § | CIVIL CAUSE NO. B-02-233 |
| | § | |
| KANSAS CITY SOUTHERN INDUSTRIES, | § | |
| INC. *et. al*, | § | |
| | § | |
| **Defendants.** | § | |

---

# DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND FORUM NON CONVENIENS

---

Respectfully submitted,


HUNTON & WILLIAMS

Paul O. Wickes
**Attorney-In-Charge**
State Bar No. 00788663
Fed I.D. No. [application pending]
1601 Bryan St., 30th Floor
Dallas, Texas 75201
(214) 979-3000
(214) 880-0011 FAX

RODRIGUEZ, COLVIN & CHANEY, L.L.P.

RosaMaria Villagómez-Vela
State Bar No. 24008210
Fed I.D. No. 22983
Joseph A. Rodriguez
State Bar No. 17146600
Fed. I.D. No. 10107
1201 East Van Buren
Post Office Box 2155
Brownsville, Texas 78522
Tel: (956) 542-7441
Fax: (956) 541-2170

## TABLE OF CONTENTS

INTRODUCTION ........................................................................................................ 1

FACTUAL BACKGROUND ...................................................................................... 2

MOTIONS TO DISMISS ............................................................................................ 3

    I.    Dismissal is Proper Because This Court Lacks Subject
    Matter Jurisdiction ............................................................................................. 3

        A.    28 U.S.C. § 1350 Does Not Confer Subject Matter
        Jurisdiction ............................................................................................. 3

            1.    Plaintiffs have not specifically alleged a violation of a
            treaty or international law that gives rise to their claim ................. 4

            2.    Plaintiffs cannot allege a violation of the "laws of
            nations here ....................................................................................... 6

            3.    Conclusion ........................................................................................ 7

        B.    No Other Basis for Jurisdiction Exists ...................................................... 7

            1.    There is no diversity jurisdiction under 28 U.S.C. § 1332 ............ 7

            2.    There is no federal question jurisdiction under
            28 U.S.C. § 1331 ............................................................................. 8

    II.    Suit Should Be Dismissed Under The Doctrine Of Forum
    Non Conveniens ................................................................................................. 8

        A.    Mexico is an Adequate, Alternate Forum ................................................. 9

        B.    Public/Private Interest Factors Weigh Completely in Favor
        of a Mexican Forum .................................................................................. 9

CONCLUSION ......................................................................................................... 11

# TABLE OF AUTHORITIES

### CASES

*Beanal v. Freeport-McMoran, Inc.*, 197 F.3d 161, 165 (5th Cir. 1999)
    *quoting Cohen v. Hartman*, 634 F.2d 318, 319 (5th Cir. 1981) ......................................... 6

*Chick Kam Choo v. Exxon Corp.*, 764 F.2d 1148, 1152 (5th Cir. 1985)........................................ 8

*Dickson Marine, Inc. v. Panalping, Inc.*, 179 F.3d 331, 341 (5th Cir. 1999) ................................. 9

*Filartiga v. Pena-Irala*, 630 F.2d 876, 888 (2nd Cir. 1980) ......................................................... 6

*Gonzalez v. Chrysler Corp.*, 301 F.3d 377, 381-82 (5th Cir. 2002)............................................. 9,10

*Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947) .......................................................................... 9

*Hanoch Tel-Oren v. Libyan Arab Republic*, 517 F. Supp. 542, 45 (D.D.C. 1981),
    *affirmed*, 726 F.2d 774, 75 (D.C. Cir.1984), *cert. denied*, 470 U.S. 1003,
    105 S.Ct. 1354, 84 L.Ed.2d 377 (1985) ......................................................................... 4,5,6

*Jones v. Petty Ray Geophysical Geosource, Inc.*, 722 F. Supp. 343, 348
    (S. D. Tex. 1981), *affirmed*, 954 F.2d 1061 (5th Cir. 1992)........................................ 4,5,6

*Karim v. Finch Shipping Co., Ltd.*, 265 F.3d 258, 268 (5th Cir. 2001)........................................ 8

*Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254 (1981)................................................................. 8,9

### STATUTES

28 U.S.C. § 1331 ........................................................................................................................ 5,7

28 U.S.C. § 1332 ........................................................................................................................ 7

28 U.S.C. § 1350 ...................................................................................................................... *passim*

### OTHER

5A *Wright & Miller*, FEDERAL PRACTICE & PROCEDURE, CIVIL 2D § 1350
    at 226 (West 1990) .................................................................................................... 3

14A *Wright & Miller* § 3661.1, pp. 148-51 ............................................................................... 7

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **VENANCIO SIFUENTES** *et. al*, | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **vs.** | § | **CAUSE NO. B-02-233** |
| | § | |
| **KANSAS CITY SOUTHERN INDUSTRIES,** | § | |
| **INC.** *et. al*, | § | |
| | § | |
| **Defendants.** | § | |

### DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND FORUM NON CONVENIENS

**TO THE HONORABLE COURT:**

NOW COME Defendants Kansas City Southern Industries, Inc. n/k/a Kansas City Southern ("KCS"), The Kansas City Southern Railway Company ("KCSR"), Gateway Western Railway Company n/k/a The Kansas City Southern Railway Company ("KCSR"),[1] and Michael Haverty ("Haverty") (collectively, "KCS Defendants") and file this motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure and on the grounds of forum non conveniens.[2]

### INTRODUCTION

This is a railroad grade crossing accident suit. The accident occurred on December 18, 2000 near Monterey, Mexico. The train was owned and operated by TFM, S.A. de C.V.

---

[1] Gateway Western Railway no longer exists as a corporate entity. It was merged into the KCSR. *See Affidavit of Jay Nadlman* ¶ 8. In addition, the Complaint also names "KCSI Company," an entity that the KCS Defendants do not believe exists. *Id.* at ¶ 9.

[2] Contemporaneous with the filing of this motion, Defendants KCS and Haverty are filing a separate motion under Rule 12(b)(2) contesting personal jurisdiction. KCS and Haverty join in this motion subject to and without waiver of their personal jurisdictional challenge.

("TFM"), a Mexican corporation that has not been sued in this case. Plaintiffs were passengers on a bus (or family members of someone riding on the bus) that collided with the TFM train. In short, this is a simple tort dispute between Mexican citizens and a Mexican corporation that arises out of events that occurred entirely within Mexico.

## FACTUAL BACKGROUND

1. Plaintiffs allege injuries arising out of a December 18, 2002 train/bus collision near Monterey, Mexico. *See Plaintiffs' Original Complaint* ¶ 18. All plaintiffs are "aliens to the United States" and reside in Mexico. *Id.* ¶ 1-9, 18.

2. Defendant KCS is a publicly traded holding company, incorporated under Delaware law, and with its principal place of business in Kansas City, Missouri. *Nadlman Aff.* ¶ 2.[3] As a holding company, KCS does not conduct business anywhere other than Missouri. *Id.*

3. Defendant KCSR is a Missouri corporation with its principal place of business in Kansas City, Missouri. *Id.* ¶ 6. KCSR is wholly-owned by KCS. *Id.* KCSR operates a Class I railroad in several states within the United States including Texas, Missouri, Kansas, Oklahoma, Arkansas, Louisiana, Mississippi, and Alabama. *Id.*

4. Defendant Grupo Transportacion Ferroviaria Mexicana, S.A. de C.V. ("Grupo TFM") is a Mexican corporation with its principal place of business in Mexico City, Mexico. It is a holding company and owns a majority of the stock of TFM, S.A. de C.V. ("TFM").[4]

5. TFM is a corporation duly organized and existing under the laws of the United Mexican States. *Nadlman Aff.* ¶ 11.

---

[3] The affidavits of Jay M. Nadlman and Michael R. Haverty are attached hereto as Exhibits 1 and 2, respectively, and are incorporated herein.
[4] The date for initial response has not yet arrived for Defendants Grupo TFM, Mexrail, and TexMex. KCS hereby incorporates the affidavits to be filed by those entities in support of their motions to dismiss.

6.     TFM owns 100 percent of the stock of Mexrail, Inc. ("Mexrail"), which owns 100 percent of the stock of The Texas-Mexican Railway Company ("TexMex").  Both Mexrail and TexMex are Delaware corporations doing business in Texas.

7.     As mentioned, TFM is a corporate entity that operated the railroad involved in the collision that Plaintiffs complain about.  Although KCS and KCSR are indirect investors in TFM, neither entity exercises corporate or operational control of TFM or the other defendants named in this suit.  Moreover, no officer of KCS or KCSR also serves as an officer of TFM or its parent company, Grupo TFM.

## MOTIONS TO DISMISS

### I.     DISMISSAL IS PROPER BECAUSE THIS COURT LACKS SUBJECT MATTER JURISDICTION.

The KCS Defendants move this Court to dismiss suit pursuant to Rule 12(b)(1) because Plaintiffs have failed to meet their burden of proof in establishing subject matter jurisdiction.  5A *Wright & Miller*, FEDERAL PRACTICE & PROCEDURE, CIVIL 2D § 1350 at 226 (West 1990) (hereafter, "*Wright & Miller*") ("The burden of proof on a Rule 12(b)(1) motion is on the party asserting jurisdiction).  Plaintiffs attempt to invoke the jurisdiction of this Court by pleading that this suit "arises under 28 United States Code, Section 1350 and the North American Free Trade Agreement."  *Plaintiffs' Complaint* ¶I(1).  As will be discussed next, no basis exists for jurisdiction under § 1350, nor does it exist under any other basis.

### A.     28 U.S.C. §1350 Does Not Confer Subject Matter Jurisdiction.

The Alien Tort Statute, 28 U.S.C. § 1350, states as follows:

> The District Courts shall have original jurisdiction of civil actions by an alien for a tort only, committed in violation of the law of nations or a treaty of the United States.

Jurisdiction does not vest under §1350 unless three elements are present:  (1) the claims must be made by an alien, (2) it must be for a tort; and (3) the tort must be in violation of the *law of nations* or *the treaties of the United States*.  *Jones v. Petty Ray Geophysical Geosource, Inc.*, 722 F. Supp. 343, 348 (S. D. Tex. 1981), *affirmed*, 954 F.2d 1061 (5th Cir. 1992) (emphasis added).  For purposes of this motion, the KCS Defendants contest only the third element.  Plaintiffs' claims are fatally flawed and the Southern District of Texas does not have subject matter jurisdiction under §1350 since the Plaintiffs' tort claim does not arise from a violation of the law of nations or any treaty of the United States.

### 1.  Plaintiffs have not specifically alleged a violation of a treaty or international law that gives rise to their claim.

To establish jurisdiction under § 1350, Plaintiffs must specifically allege the specific treaty or international law that gives rise to their claim.  This principal was illustrated in *Hanoch Tel-Oren v. Libyan Arab Republic*, 517 F. Supp. 542, 45 (D.D.C. 1981), *affirmed*, 726 F.2d 774, 75 (D.C. Cir.1984), *cert. denied*, 470 U.S. 1003, 105 S.Ct. 1354, 84 L.Ed.2d 377 (1985).  There, families of victims in a terrorist attack on a bus in Israel filed suit in federal court in the District of Columbia against the Libyan Arab Republic and the Palestine Liberation Organization among others seeking damages sustained as the result of the attack.  517 F. Supp. at 545 (D.D.C. 1981), *affirmed*, 726 F.2d 774, 75 (D.C. Cir.1984), *cert. denied*, 470 U.S. 1003, 105 S.Ct. 1354, 84 L.Ed.2d 377 (1985).  One of the grounds asserted for the Court's exercise of subject matter jurisdiction was 28 U.S.C. §1350.  The Court rejected the plaintiffs' arguments because they failed to identify a specific cause of action that was given to them by a specific U.S. treaty or by a law of nations.  *Id.* at 549.  The Court held as follows:

> [Section 1350] serves merely as an entrance into the federal courts and in no way provides a cause of action to any plaintiff.  Somewhere in the law of nations or in

> the treaties of the United States, the plaintiffs must discern and plead a cause of action that, if proved, would permit the Court to grant relief. The plaintiffs cite no cause of action given to them by the law of nations or by treaties of the United States. Just as discussed under § 1331, an action predicated on a treaty or on more general norms of international law must have at its basis a specific right to a private claim. Plaintiffs have demonstrated no such entitlement.

*Id.* Thus, in short, unless a plaintiff can identify a specific cause of action arising out of a specifically alleged treaty or law of nations, jurisdiction under § 1350 fails.

The Southern District of Texas adopted the reasoning in *Hanoch Tel-Oren* in the *Jones v. Petty Ray Geophysical Geosources, Inc.* case. In *Jones,* the family of a murdered Texas resident filed suit in the Southern District of Texas against the Republic of Sudan and Geophysical Geosources, Inc. after Mr. Jones was killed while working in the Sudan. 722 F. Supp. at 345. The plaintiff attempted to use § 1350 to support subject matter jurisdiction for his claim that the defendants failed to: (1) warn Jones of the danger of working in the Sudan; (2) provide a safe place of work; (3) provide adequate military/police protection; and (4) move Jones from the area. *Id.* at 345, 348.

The *Jones* court granted defendant's motion under Rule 12(b)(1) and dismissed the plaintiff's claims finding that §1350 did not confer jurisdiction because the plaintiff had not shown where his cause of action arose under the law of nations. *Id.* at 348. The court further explained that federal courts must be hesitant to find causes of action for purposes of establishing subject matter jurisdiction under the Alien Tort Statute when the basis of the Plaintiffs' jurisdiction allegations have not been clearly identified. *Id.* Because the plaintiffs' complaint contained only unsupported allegations, the court dismissed the case. *Id.*

Similar to the plaintiffs in *Hanoch Tel-Oren* and *Jones,* Plaintiffs here seek damages arising out of an incident occurring in a foreign country. As in those cases, Plaintiffs' Complaint

fails to identify any private right of action afforded to them by a U.S. treaty or a law of nations. Instead, their complaint contains only a bald, rather generic statement that "Defendants violated the law of nations in that Defendants actively participated in derailing governmental investigations against public." *Plaintiffs' Complaint*, p. 5, §IV, ¶ 30. As held in *Hanoch Tel-Oren* and *Jones*, Plaintiffs must do more than plead these bare allegations.

### 2.   Plaintiffs cannot allege a violation of the "laws of nations" here.

The scope of the "laws of nations" that can support jurisdiction under § 1350 is a narrow one. As explained by the Fifth Circuit, "the standards by which nations regulate their dealing with one another *inter se* constitutes the 'law of nations.'" *Beanal v. Freeport-McMoran, Inc.*, 197 F.3d 161, 165 (5th Cir. 1999) *quoting Cohen v. Hartman*, 634 F.2d 318, 319 (5th Cir. 1981). These standards include the rules of conduct that govern the affairs of the United States, acting in its national capacity, in its relationships with other nations. *Id.* The laws of nations are defined by customary usage and clearly articulated principles of the international community. *Id.* As one court explained, "It is only where the nations of the world have demonstrated that the wrong is of mutual and not merely several, concern, by means of express international accords, that a wrong generally recognized becomes an international violation in the meaning of the Alien Tort Statute. *Id.* at 167 *quoting Filartiga v. Pena-Irala*, 630 F.2d 876, 888 (2nd Cir. 1980). Put simply, § 1350 "applies only to shockingly egregious violations of universally recognized principals of international law." *Beanal v. Freeport-McMoran*, 197 F.3d at 167. Professors Wright and Miller summarized the holdings under § 1350 as follows:

> Subject matter jurisdiction under Section 1350 has been limited to cases involving violations of norms of human conduct recognized by a concensus of the international community. For example, jurisdiction has been granted in cases involving official torture, genocide, bombings, violations of diplomatic immunity, and violations of a treaty, but ***denied in cases involving*** unseaworthiness or

*negligence*, fraud or deceit, property damage incurred outside the United States in wartime, terrorist attacks, and alleged violations by the President of the constitutional provision reserving to Congress the power to declare war.

14A *Wright & Miller* § 3661.1, pp. 148-51 (Emphasis added, internal citations omitted).

Here, Plaintiffs allege a simple negligence claim. While the train/bus accident caused a tragic loss for Plaintiffs, the incident does not give rise to the type of tort that would support jurisdiction under § 1350.

### 3.    Conclusion.

To conclude, because Plaintiffs' complaint fails to identify a private right of action against the Defendants that was conferred by a specific treaty or law of nations, jurisdiction is not vested in the Southern District of Texas under §1350.

### B.    No Other Basis For Jurisdiction Exists.

Plaintiffs allege jurisdiction under § 1350 only. If they were to attempt to invoke the Court's jurisdiction based on diversity or the existence of a federal question, that attempt would also fail.

### 1.    There is no diversity jurisdiction under 28 U.S.C. §1332.

Federal diversity jurisdiction may exist under 28 U.S.C. § 1332 when the controversy is between "(1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state, defined in section 1603 (a) of this title, as plaintiff and citizens of a State or of different States...." Here, there can be no diversity jurisdiction because there are Mexican citizens on both sides of the case. *See Plaintiffs' Complaint*, pp. 2-3, § II, ¶¶ 1-15. Plaintiffs are Mexican citizens and Grupo TFM is a Mexican corporation. The presence of at least one alien on both sides of the case destroys diversity jurisdiction. *Zaini v.*

*Shell Oil Co.*, 853 F. Supp. 960, 63 (S.D. Tex. 1994) (federal diversity jurisdiction may not be invoked in a suit between aliens of the United States); *Chick Kam Choo v. Exxon Corp.*, 764 F.2d 1148, 1152 (5th Cir. 1985) (held that it was reversible error for the district court to exercise diversity jurisdiction where there were aliens on both sides of the dispute).

### 2.    There is no federal question jurisdiction under 28 U.S.C. §1331.

Federal question jurisdiction exists in a civil case arising under the Constitution, laws, or treaties of the United States.  28 U.S.C. §1331.  Plaintiffs have failed to cite part of the Constitution nor any law or treaty that devises a private right of action against the Defendants for recovery of the damages they allegedly sustained as the result of the train/bus accident. Moreover, the KCS Defendants are not aware of any Constitutional provision, law or treaty which would create federal question jurisdiction for the Southern District of Texas to hear this case.  Consequently, the possibility of federal question jurisdiction in this case is foreclosed.

## II.    SUIT SHOULD BE DISMISSED UNDER THE DOCTRINE OF FORUM NON CONVENIENS.

The doctrine of forum non conveniens enables a court to decline to exercise its jurisdiction if the convenience of the parties and the court and the interests of justice indicate that the case should be tried in another forum. *Karim v. Finch Shipping Co., Ltd.*, 265 F.3d 258, 268 (5th Cir. 2001).  The Supreme Court established the framework for analyzing a forum non conveniens motion in *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254 (1981).  First, "the court must determine whether there exists an alternate forum." *Id.* at 254 n.22.  Second, the court must consider certain private and public interest factors to determine which forum is best suited to the litigation.

## A.    Mexico is an Adequate, Alternate Forum.

In determining whether or not the first consideration is met, *Piper Aircraft* directs that courts look to whether a defendant is amendable to process in the alternate forum and if the alternate forum provides an adequate remedy. 454 U.S. at 254-55 n. 22. Here, Plaintiffs' claims arise out of a railroad collision in Mexico. The company that owns and operates the railroad involved in the collision would certainly be amenable to service in Mexico. Moreover, the Fifth Circuit has already held that Mexico provides an adequate remedy for wrongful death and tort claims like this one. *See Gonzalez v. Chrysler Corp.*, 301 F.3d 377, 381-82 (5th Cir. 2002) (holding that Mexican forum provides a satisfactory remedy to car accident victim despite lack of a strict liability theory and a statutory cap on damages).

## B.    Public/Private Interest Factors Weigh Completely In Favor of a Mexican Forum.

The public and private interest factors grow out of the Supreme Court's opinion in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947), which the Fifth Circuit has adopted for considering motions to change venue under 28 U.S.C. § 1404(a).

The private interest factors include: the "relative ease of access to sources of proof; [the] availability of compulsory process for attendance of unwilling witnesses, and the cost of obtaining attendance of willing witnesses; [the] possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive." *Dickson Marine, Inc. v. Panalping, Inc.*, 179 F.3d 331, 341 (5th Cir. 1999). (internal quotes omitted).

The relevant public interest factors include: the "administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; the interest

in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty." *Id.* (internal quotes omitted).

Here, all factors point towards a Mexican forum. Both Plaintiffs and TFM, the operating railroad, are Mexican. The accident happened in Mexico. Accordingly, most, if not all, of the witnesses will also reside in Mexico. These witnesses would not be subject to subpoena in Texas and costs of obtaining their testimony would increase dramatically if the suit is held in Texas. With regard to the public interest factors, Texas has no interest in resolving this Mexican controversy, Texas jurors should not be burdened with considering the matter, and Mexican law would apply. Put simply, there is absolutely no connection to the facts of this case and Texas. Under similar circumstances, the Fifth Circuit held that a court's decision to grant a forum non conveniens motion was proper with the following statement:

> After all, the tort victim was a Mexican citizen, the driver of the Chrysler LHS is a Mexican citizen, and the plaintiff is a Mexican citizen. The accident took place in Mexico. Gonzalez purchased the car in Mexico. Neither the car nor the air bag was designed or manufactured in Texas. In short, there are no public or private interest factors that would suggest Texas is the appropriate forum for the trial of this case.

*Gonzalez v. Chrysler*, 301 F.3d at 383-84. Similarly here, the alleged tort victims, the witnesses, the incident site, the bus company, and the railroad that operated the train are all in Mexico. As in *Gonzalez*, there are simply no public or private interest factors that would suggest Texas is an appropriate forum for this suit.

## CONCLUSION

Plaintiffs have failed to establish a jurisdictional basis for this Court to hear this case. Alternatively, if such jurisdiction does exist, it should be dismissed so that the suit may be brought in a more appropriate Mexican forum.

WHEREFORE, the KCS Defendants pray that their Motion to Dismiss pursuant to Rule 12(b)(1) be granted or, alternatively, that their motion to dismiss under the doctrine of forum non conveniens be granted.

**Respectfully submitted,**

**HUNTON & WILLIAMS**

By: *Paul O. Wickes with perm*
*PM Villgomez-Vela*
Paul O. Wickes
**Attorney-In-Charge**
State Bar No. 00788663
Fed I.D. No. [application pending]
1601 Bryan St., 30th Floor
Dallas, Texas 75201
(214) 979-3000
(214) 880-0011 FAX

**RODRIGUEZ, COLVIN & CHANEY, L.L.P.**

By: *RosaMaria Villagómez-Vela*
RosaMaria Villagómez-Vela
State Bar No. 24008210
Fed I.D. No. 22983
Joseph A. Rodriguez
State Bar No. 17146600
Fed. I.D. No. 10107
1201 East Van Buren
Post Office Box 2155
Brownsville, Texas 78522
Tel:  (956) 542-7441
Fax: (956) 541-2170
**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the aforementioned document was served upon all pro se plaintiffs of record, to-wit:

Maria Guadalupe Arroyo Tobias
Calle Obreos Libre #237
Col. Martires de Cananea
Santa Catarina, N.L. Mexico

Estela Guzman (Gorman) De Guerra
Calle Rincon De La Fama #328
Infonavit Rincon del Pte
Santa Catarina, N.L. Mexico

Angela de Santiago
Calle San Martin Tuxtula #312
Col. San Gilberto
Santa Catarina, N.L. Mexico

Maria Marcelina Trejo De Reyes
1 Oriente #219
Col. Lopez Mateos
Santa Catarina, N.L. Mexico

Mirna Izaquirre De Robles
Obreros Libre #237
Col. Martires de Cananea
Santa Catarina, N.L. Mexico

Rene Rodriguez
Calle 15 Ptc #320
Col. Lopez Mateos
Santa Catarina, N.L. Mexico

Venancio Sifuentes V
Calle Silla #236
Fracc Hacienda Los Portales
Santa Catarina, N.L. Mexico

Raquel Garcia Vallejo
Calle Nva. Independencia #219
Col. Independencia
Monterry, N.L. Mexico

Ruben Blancas
Huerta #158
Col. Portales
Santa Catarina, N.L. Mexico

by regular mail and registered mail, return receipt requested pursuant to the Federal Rules of Civil Procedure, on this the 13th day of January 2003.

Paul O. Wickes _with permission_

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

VENANCIO SIFUENTES *et. al,*          §
                                      §
        Plaintiffs,                   §
                                      §
vs.                                   §          CAUSE NO. B-02-233
                                      §
KANSAS CITY SOUTHERN                  §
INDUSTRIES, INC. *et. al,*            §
                                      §
        Defendants.                   §

## AFFIDAVIT OF JAY M. NADLMAN

STATE OF MISSOURI      §
                       §
COUNTY OF JACKSON      §

BEFORE ME, the undersigned Notary Public, on this day personally appeared **JAY M. NADLMAN**, who, being by me duly sworn on oath deposed and said the following:

1.      My name is Jay M. Nadlman.  I am currently the corporate secretary for two of the companies named in the above referenced lawsuit.  I am over 18 years of age and have personal knowledge of the facts contained in this affidavit.

2.      I am the Corporate Secretary for Kansas City Southern ("KCS"), a defendant in the above styled case.  KCS is a publicly traded holding company, incorporated under Delaware law, and with its principal place of business in Kansas City, Missouri.

3.      As a holding company, KCS does not conduct business anywhere other than Missouri.  It does not directly own any property or conduct any operations within the State of Texas.



4.      KCS is not licensed to do business in Texas, nor does it have any offices, agents, representatives, bank accounts, telephone listings, property, or other assets in Texas.

5.      KCS was previously known as "Kansas City Southern Industries, Inc.," but changed its name to "Kansas City Southern" on May 3, 2002.

6.      I am also the Corporate Secretary of The Kansas City Southern Railway Company ("KCSR").  KCSR is a Missouri corporation with its principal place of business in Kansas City, Missouri.  KCSR is wholly-owned by KCS.

7.      KCSR operates a Class I railroad in several states within the United States including Texas, Missouri, Kansas, Oklahoma, Arkansas, Louisiana, Mississippi, and Alabama.  KCSR does not own any track or operate any trains or locomotives in Mexico.

8.      The lawsuit names Gateway Western Railway Company ("Gateway") as a defendant.  Gateway no longer exists as a separate legal entity.  In October 2001, Gateway merged into KCSR.

9.      The lawsuit names "KCSI Company" as a defendant.  I am not familiar with any legal entity doing business under that name.

10.     The lawsuit complains about injuries arising out of a grade crossing accident occurring in Mexico.  On information and belief, this accident involved a train operated by TFM, S.A. de C. V. ("TFM").

11.     TFM is a corporation duly organized and existing under the laws of the United Mexican States.  Although KCS and KCSR are indirect investors in TFM, neither entity exercises corporate or operational control of TFM or the other defendants named in this suit.  Moreover, no officer of KCS or KCSR also serves as an officer of TFM or Grupo Transportacion Ferroviaria Mexicana S.A. de C.V.

Further Affiant sayeth not.

_____
JAY M. NADLMAN

      SUBSCRIBED AND SWORN TO BEFORE ME by the said JAY M. NADLMAN, on

this the 10th day of January 2003.

_____
Notary Public, State of Missouri

*My Commission Expires 10-04-03*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **VENANCIO SIFUENTES** *et. al,* | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | **CAUSE NO. B-02-233** |
| | § | |
| **KANSAS CITY SOUTHERN** | § | |
| **INDUSTRIES, INC.** *et. al,* | § | |
| | § | |
| Defendants. | § | |

## AFFIDAVIT OF MICHAEL R. HAVERTY

| | |
|---|---|
| STATE OF MISSOURI | § |
| | § |
| COUNTY OF JACKSON | § |

BEFORE ME, the undersigned Notary Public, on this day   personally appeared **MICHAEL R. HAVERTY**, who, being by me duly sworn on oath deposed and said the following:

1.      My name is Michael R. Haverty.  I am over 18 years of age and have personal knowledge of the facts contained in this affidavit.

2.      I am the President and Chief Executive Officer of Kansas City Southern ("KCS") and The Kansas City Southern Railway Company ("KCSR"), two corporations sued in the above referenced lawsuit.

3.      The lawsuit alleges complaints arising out of a grade crossing accident occurring in Mexico.  On information and belief, this accident involved a train owned and operated by TFM, S.A. de C. V. ("TFM").


EXHIBIT
"2"

4.    Although KCS, through KCSR and other entities, is an indirect minority investor in Grupo Transportacion Ferroviaria Mexicana S.A. de C.V. (the parent of TFM), neither KCS nor KCSR exercise operational control over TFM.

5.    KCSR operates a Class I railroad with operations solely within the United States.

6.    TFM operates a railroad with operations solely within Mexico.

7.    The operations of KCS and KCSR are separate and distinct from the operations of the other corporate defendants named in this suit.  Moreover, no officer of KCS or KCSR also serves as an officer of TFM or Grupo Transportacion Ferroviaria Mexicana, S.A. de C.V.

8.    I have also been named individually as a defendant in this lawsuit.

9.    Although I lived in Texas for a short period of time prior to 1980, I have not individually owned or leased any real estate in the State of Texas since that time.

10.    I currently reside in Mission Hills, Kansas.  I have lived there for more than seven years.

11.    Since at least 1980, I have not engaged in any business on my own behalf in the State of Texas.

12.    Since at least 1980, I have not maintained a bank account in the State of Texas.

13.    Since at least 1980, I have not paid taxes to the State of Texas other than perhaps personal use taxes (*i.e.*, sales taxes, hotel taxes, etc.) during trips to Texas.

14.    On one other occasion I was sued individually in the State of Texas.  In that case, my attorneys filed a special appearance contesting personal jurisdiction.  After considering the evidence, the court ruled that it did not have jurisdiction over me, individually.  A true and correct copy of the court's order is attached to this affidavit as Exhibit "A."

Further Affiant sayeth not.

_____
MICHAEL R. HAVERTY

SUBSCRIBED AND SWORN TO BEFORE ME by the said MICHAEL R. HAVERTY,

on this the 10th day of January 2003.

*My Commission Expires*
*10-04-03*

*Barbara L. Blevins*
Notary Public, State of Missouri

NO. E-162,838

| BECON INTERNATIONAL, INC. | § | IN THE DISTRICT COURT |
|---|---|---|
| | § | |
| VS. | § | 172nd JUDICIAL DISTRICT |
| | § | |
| THE KANSAS CITY SOUTHERN | § | |
| RAILWAY COMPANY AND | § | |
| RANDY D. GREENE | § | JEFFERSON COUNTY, TEXAS |

ORDER SUSTAINING SPECIAL APPEARANCE

CAME ON TO BE HEARD the Special Appearance of Michael Haverty, Lou Van Horn, Robert Berry, Gerald Davies, and Jim Wochner, Defendants in this cause, whereby Defendants moved the Court to dismiss this cause on the grounds that Defendants are not amenable to process issued by the courts of this state. The Court, having considered the pleadings, evidence, and arguments of counsel, is of the opinion and finds that the Court does not have jurisdiction of the Defendants' person, and that such motion to the jurisdiction should be sustained.

IT IS, ACCORDINGLY, ORDERED by the Court that the Special Appearance motions of Defendants Michael Haverty, Lou Van Horn, Robert Berry, Gerald Davies, and Jim Wochner are hereby SUSTAINED, and that all causes of action and claims against Defendants Michael Haverty, Lou Van Horn, Robert Berry, Gerald Davies, and Jim Wochner are hereby DISMISSED for want of jurisdiction.

SIGNED 11/13, 2001.

JUDGE PRESIDING

F:\wpdocs\6801\Pleadings\specialappearanceorder.wpd


EXHIBIT
"A"