IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JAN 1 3 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| VENANCIO SIFUENTES *et. al*, | § § § | |
| Plaintiffs, | § § | |
| vs. | § § | CIVIL CAUSE NO. B-02-233 |
| KANSAS CITY SOUTHERN INDUSTRIES, INC. *et. al*, | § § § § | |
| Defendants. | § | |

### KCS DEFENDANTS MOTION TO EXTEND TIME TO FILE THEIR BRIEF, AFFIDAVITS AND OTHER MATERIALS IN SUPPORT OF THEIR MOTION TO DISMISS

NOW COMES Defendants Kansas City Southern Industries, Inc. n/k/a Kansas City Southern ("KCS"), The Kansas City Southern Railway Company ("KCSR"), and Michael Haverty (collectively, "KCS Defendants") and respectfully request that the Court enter an Order extending time to file their Brief, affidavits and other materials in support of their Motions to Dismiss, and in support thereof would show:

### BACKGROUND FACTS

1.  This suit is a personal injury and wrongful death suit arising out of a collision that occurred between a passenger bus and a train at an intersection early in the morning on December 18, 2000 in the city of Santa Catarina, Nuevo Leon, Mexico.

2.  Plaintiffs are citizens of Mexico and are pursuing this matter *pro se*. Plaintiffs have sued both Mexican and U.S. companies in addition to the KCS Defendants claiming that they are all responsible for causing this accident.

3. KCS and KCSR were served with process in this action on December 23, 2002 and December 27, 2002, respectively.

## MOTION FOR EXTENSION

4. The KCS Defendants received notice of this case during the apex of the holiday season. Consequently, due to the vacation and holiday time away from the office of the KCS Defendants' employees and attorneys, their efforts to provide the necessary supporting materials and briefing for motions to dismiss have been hampered.

5. KCS Defendants' motions to dismiss contain several independent grounds demonstrating why dismissal is appropriate. Specifically, the KCS Defendants intends to file the following motions to dismiss:

    a. Rule 12(b)(1) motion to dismiss the entire case for lack of subject matter jurisdiction;

    b. Rule 12(b)(2) motion to dismiss all claims against KCS and Haverty because of a lack of personal jurisdiction;

    c. Motion to dismiss on the grounds of forum non conveniens;

6. Defendants would like to further investigate the propriety of filing a motion to dismiss under Rule 12(b)(6).

7. Contemporaneous with the filing of this motion, KCS Defendants will file the supporting material currently available.

8. KCS Defendants seeks leave to file additional supporting documentation that may be needed. Specifically, they would like to incorporate the affidavits to be filed by other Defendants in support of their 12(b)(1) and (2) motions and forum non conveniens motions.

9. The additional time will ensure that KCS Defendants will not be prejudiced by the timing of this Plaintiffs' filing and will provide them with an adequate opportunity to fully

research the issues and prepare a complete and concise brief analyzing the law supporting its Motion.

10. KCS Defendants request that the Court extend the time for all defendants to file their Brief in support of their Motion to Dismiss and supporting material until and including February 12, 2003.

11. KCS Defendants seek this extension of time in order that they may properly research the issues and prepare a brief and evidence supporting their Motion to Dismiss and so that justice may be done.

12. Plaintiffs will not be prejudiced by the extension of time requested herein.

13. Counsel for KCS Defendants was not able to contact the *pro se* Plaintiffs. The Plaintiffs' complaint does not identify any phone or fax numbers where counsel for KCS Defendants can reasonably communicate with them. Although an attorney has issued press releases in Mexico concerning this suit (attached as Exhibit A), it is unclear which if any Plaintiffs he represents. Moreover, it is unclear to Defendant whether it would be proper to contact counsel that has not appeared in this action where the petition is facially a *pro se* one.

14. KCS Defendants have not sought nor been granted any previous extensions of time in which to file its Brief and supporting materials. This Motion is submitted not for the purpose of delay, but so that justice may be granted.

WHEREFORE, KCS Defendants respectfully request that the Court grant their Motion and extend the time for all defendant to file their Brief in support of their Motion to Dismiss and affidavits and other supporting materials until and including February 12, 2003.

Respectfully submitted,

HUNTON & WILLIAMS

By: *Paul O. Wickes w/ perm RM Villagómez-Vela*
Paul O. Wickes
**Attorney-In-Charge**
State Bar No. 00788663
Fed I.D. No. [application pending]
1601 Bryan St., 30th Floor
Dallas, Texas 75201
(214) 979-3000
(214) 880-0011 FAX

RODRIGUEZ, COLVIN & CHANEY, L.L.P.

By: *RosaMaria Villagómez-Vela*
RosaMaria Villagómez-Vela
State Bar No. 24008210
Fed I.D. No. 22983
Joseph A. Rodriguez
State Bar No. 17146600
Fed. I.D. No. 10107
1201 East Van Buren
Post Office Box 2155
Brownsville, Texas 78522
Tel: (956) 542-7441
Fax: (956) 541-2170

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of aforementioned document was served upon all pro se plaintiffs of record, to-wit:

Maria Guadalupe Arroyo Tobias
Calle Obreos Libre #237
Col. Martires de Cananea
Santa Catarina, N.L. Mexico

Estela Guzman (Gorman) De Guerra
Calle Rincon De La Fama #328
Infonavit Rincon del Pte
Santa Catarina, N.L. Mexico

Angela de Santiago
Calle San Martin Tuxtula #312
Col. San Gilberto
Santa Catarina, N.L. Mexico

Maria Marcelina Trejo De Reyes
1 Oriente #219
Col. Lopez Mateos
Santa Catarina, N.L. Mexico

Mirna Izaquirre De Robles
Obreros Libre #237
Col. Martires de Cananea
Santa Catarina, N.L. Mexico

Rene Rodriguez
Calle 15 Ptc #320
Col. Lopez Mateos
Santa Catarina, N.L. Mexico

Venancio Sifuentes V
Calle Silla #236
Fracc Hacienda Los Portales
Santa Catarina, N.L. Mexico

Raquel Garcia Vallejo
Calle Nva. Independencia #219
Col. Independencia
Monterry, N.L. Mexico

Ruben Blancas
Huerta #158
Col. Portales
Santa Catarina, N.L. Mexico

by regular mail and registered mail, return receipt requested pursuant to the Federal Rules of Civil Procedure, on this the 13th day of January 2003.

*Rosa Maria Villarreal Vela for*
PAUL O. WICKES *with permission*

# EL NORTE

| Fecha | 5 de Enero 2003 | Sección | Primera | Página | 1 |
|---|---|---|---|---|---|
| Reportera | Mirna Ramos | | | | |

## Analizan demanda a TFM

Monterrey, México.- Tras confirmar que la empresa ya fue notificada del asunto, Transportación Ferroviaria Mexicana, a través de su vocero, anunció que hasta mañana lunes estará en condición de emitir una postura oficial sobre las demandas interpuestas en su contra en Estados Unidos.

Jaime Valdez señaló que actualmente el departamento legal de la compañía ya se encuentra analizando el caso y definiendo cuál será la estrategia a seguir ante las denuncias interpuestas por deudos de varias víctimas del choque entre uno de sus trenes y un camión de la Ruta 120.

"Nuestro departamento legal ya fue consultado, ellos estaban ya notificados de esta denuncia que fue presentada en Brownsville, ellos el próximo lunes, la empresa, ya de manera formal, dará a conocer a través nuestro cuál es la postura respecto a esta denuncia y qué acciones legales se van a emprender en ese sentido", expresó.

EL NORTE publicó ayer que el pasado 17 de diciembre, deudos de las víctimas en el accidente ocurrido el 18 de diciembre del 2000, interpusieron una demanda civil en contra de TFM, que forma parte de Kansas City Southern Industries, con sede en Texas, para exigir la reparación del daño.

Antonio Ayala Guerrero y Miguel Morales Flores, abogados de los demandantes recurrieron a la justicia de Estados Unidos pues la empresa nunca quiso asumir su responsabilidad ante las autoridades mexicanas.

La indemnización exigida por los deudos asciende a 4.5 millones de dólares, de los que tocarían unos 500 mil dólares a cada demandante.

No obstante, señalaron los abogados, esa cantidad podría elevarse hasta 18 millones de pesos si el Juez que siga la causa toma en cuenta otros agravantes.

La empresa, afirmó uno de los representantes legales, mintió a sus accionistas al ostentarse como una compañía que cumple todas las normas de seguridad internacionales.



EXHIBIT A