7

United States District Court
Southern District of Texas
FILED

JAN 1 6 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| VENANCIO SIFUENTES *et. al*, | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| vs. | § | CIVIL CAUSE NO. B-02-233 |
| | § | |
| KANSAS CITY SOUTHERN INDUSTRIES, | § | |
| INC. *et. al*, | § | |
| | § | |
| **Defendants.** | § | |

## DEFENDANT'S GRUPO TFM MOTION TO DISMISS FOR
## LACK OF PERSONAL JURISDICTION

To the Honorable Court:

NOW COMES Defendant Grupo Transportacion Ferroviaria Mexicana, S.A. de C.V. ("Grupo TFM") and files this motion to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure and in support would show the Court as follows:

### FACTUAL BACKGROUND

1.      Grupo TFM is a holding company, incorporated under the laws of the United Mexican States, and with its principal place of business in Mexico City, Mexico. *Serrano Aff.* ¶ 2.[1]

2.      As a holding company, Grupo TFM does not conduct business anywhere other than Mexico. *Serrano Aff.* ¶ 3. Rather, it merely owns stock in companies that do business inside and outside of Mexico. *Id.*

3.      Plaintiffs allege injuries arising out of a December 18, 2000 train/bus collision in Santa Catarina, Nuevo Leon, Mexico (the "Accident"). *See Plaintiffs' Original Complaint* ¶ 18.

4.      The Accident involved a train operated by TFM, S.A. de C.V. ("TFM").  *Licon Aff.* ¶ 5.  TFM is a subsidiary of Grupo TFM.  *Serrano Aff.* ¶ 5.

5.      Grupo TFM does not exercise any operational control of the TFM trains going through Santa Catarina, Nuevo Leon, Mexico where the Accident happened.  *Licon Aff.* ¶ 6.

6.      However, even if Grupo TFM did exercise operational control over TFM, the operations of TFM are limited to Mexican railroad activities.  TFM owns a concession title granted by the Federal Government of the United Mexican States for the operation of a railroad exclusively within Mexico.  *Licon Aff.* ¶ 3.

7.      The closest that TFM's operations come to Texas is the middle point of the international bridge between Mexico and the United States, at the border with Laredo.  *Id.*  This center point is commonly referred to as the "yellow line."  *Id.*  TFM operates trains to the yellow line.  *Id.* ¶ 4.  At that point, the TFM crew disembarks the locomotive and another train crew will then move the train into Texas.  *Id.*  Similarly, TFM crews take over the operations of trains coming from Texas to Mexico at the yellow line.  *Id.*

8.      Grupo TFM does not directly own any property or conduct any operations within the State of Texas.  *Serrano Aff.* ¶ 3.

## ARGUMENT

9.      Defendant Grupo TFM incorporates the above stated allegations.

### This Court Does Not Have Specific Jurisdiction Over Grupo TFM:

10.     The Court does not have specific jurisdiction over Grupo TFM because Plaintiffs' allegations arise out of an incident in Mexico.  *See BMC Software Belguim, N.V. v. Marchand,*

---

[1] The Affidavits of Romualdo Segovia Serrano and Jorge Licon are attached hereto as Exhibits A and B, respectively and are incorporated herein.

83 S.W.3d 789, 796 (Tex. 2002) ("Specific jurisdiction is established if the defendant's alleged liability arises from or is related to an activity conducted within the forum.").

11.     Plaintiffs fail to allege any act of Grupo TFM in Texas that gives rise to their claims.  All Plaintiffs' claims arise out of the Accident.  Plaintiffs sue all defendants as "owners" of the train.  In fact, TFM is the only entity that owned the locomotive, had rights over the rail, and employed the train crew involved in the Accident in Santa Catarina, Nuevo Leon, Mexico. *Licon Aff.* ¶ 5.  None of the other named Defendants exercise any operational control of the TFM trains going through Santa Catarina, Nuevo Leon, Mexico. *Id.* ¶ 6.

12.     Accordingly, this Court does not have specific jurisdiction over Grupo TFM.

**This Court Does Not Have General Jurisdiction Over Grupo TFM:**

13.     The Court does not have general jurisdiction over Grupo TFM because it does not routinely conduct business in Texas.

14.     General jurisdiction is present when a defendant's contacts in a forum are continuous and systematic so that the forum may exercise personal jurisdiction over the defendant even if the cause of action did not arise from or relate to activities conducted within the forum state. *BMC Software v. Marchand*, 83 S.W.3d at 796.

15.     Grupo TFM is a Mexican holding company.  It does business exclusively within Mexico.  It's only connection to operations outside of Mexico is that it holds stock in companies that do business outside of Mexico. *Serrano Aff.* ¶¶ 2-3.

16.     Plaintiffs make no allegations that the activities of Grupo TFM within Texas are continuous or systematic.  The only contact outside of Mexico that is alleged is that "Defendants advertize [*sic*] in the continental United States of American [*sic*] that their company is in charge of all safety regulations and implementation of safety regulations." *Plaintiffs' Complaint* § IV,

¶ 31.   However, this allegation fails to mention which Defendant advertised, whether the advertisement was in Texas (or merely other U. S. states), and how pervasive the advertisement was.   In any event, Texas courts have made clear that advertising alone cannot establish the continuous and systematic contacts required to establish general jurisdiction.   *Michel v. Rocket Engineering Corp.*, 45 S.W.3d 658, 673-74 (Tex. App.—Fort Worth 2001, no pet.); *Hayes v. Wissel*, 882 S.W.2d 97, 98 (Tex. App.—Fort Worth 1994, no writ).

17.    Plaintiffs have made no allegation that Grupo TFM is subject to Texas jurisdiction due to the fact that its indirect subsidiaries, The Texas-Mexican Railway Company and Mexrail, Inc., conduct business in Texas.   However, even if such an allegation were made it would fail. Under Texas law, the Court must presume that Grupo TFM and its subsidies are separate and distinct entities.   *BMC Software v. Marchand*, 83 S.W.3d at 798-99.   The existence of stock ownership and interlocking directorship will not justify a court in disregarding the separate legal identities of corporations "unless such relationship is used to defeat public convenience, justify wrongs, ... protect fraud, or defend crime."   *Id. quoting Bell Oil & Gas Co. v. Allied Chem Corp.*, 431 S.W.2d 336, 339 (Tex. 1968).   Here, Plaintiffs have made no allegations that Grupo TFM is the alter ego of an entity subject to Texas jurisdiction and have proved nothing.

18.    The assumption of jurisdiction by this Court over Grupo TFM would offend the traditional notions of fair play and substantial justice, depriving Grupo TFM of due process as guaranteed by the United States Constitution.

19.    Accordingly, Grupo TFM moves that it be dismissed pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure due to the lack of personal jurisdiction.

## <u>CONCLUSION</u>

WHEREFORE, Defendant Grupo TFM moves that its Motion to Dismiss pursuant to Rule 12(b)(2) be granted.

Respectfully submitted,

HUNTON & WILLIAMS

By: _Paul O. Wickes with perm._
_RM Villagómez-Vela_

Paul O. Wickes
**Attorney-In-Charge**
State Bar No. 00788663
Fed I.D. No. [application pending]
1601 Bryan St., 30th Floor
Dallas, Texas  75201
(214) 979-3000
(214) 880-0011 FAX

RODRIGUEZ, COLVIN & CHANEY, L.L.P.

By: _RosaMaría Villagómez-Vela_

RosaMaría Villagómez-Vela
State Bar No. 24008210
Fed I.D. No. 22983
Joseph A. Rodriguez
State Bar No. 17146600
Fed. I.D. No. 10107
1201 East Van Buren
Post Office Box 2155
Brownsville, Texas 78522
Tel:   (956) 542-7441
Fax: (956) 541-2170

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of aforementioned document was served upon all pro se plaintiffs of record, to-wit:

Maria Guadalupe Arroyo Tobias
Calle Obreos Libre #237
Col. Martires de Cananea
Santa Catarina, N.L. Mexico

Estela Guzman (Gorman) De Guerra
Calle Rincon De La Fama #328
Infonavit Rincon del Pte
Santa Catarina, N.L. Mexico

Angela de Santiago
Calle San Martin Tuxtula #312
Col. San Gilberto
Santa Catarina, N.L. Mexico

Maria Marcelina Trejo De Reyes
1 Oriente #219
Col. Lopez Mateos
Santa Catarina, N.L. Mexico

Mirna Izaquirre De Robles
Obreros Libre #237
Col. Martires de Cananea
Santa Catarina, N.L. Mexico

Rene Rodriguez
Calle 15 Ptc #320
Col. Lopez Mateos
Santa Catarina, N.L. Mexico

Venancio Sifuentes V
Calle Silla #236
Fracc Hacienda Los Portales
Santa Catarina, N.L. Mexico

Raquel Garcia Vallejo
Calle Nva. Independencia #219
Col. Independencia
Monterry, N.L. Mexico

Ruben Blancas
Huerta #158
Col. Portales
Santa Catarina, N.L. Mexico

by regular mail and registered mail, return receipt requested pursuant to the Federal Rules of Civil Procedure, on this the 16th day of January 2003.

PAUL O. WICKES  with permission

# LIC. JUAN M. ALVAREZ MORENO

## CORREDOR PUBLICO No. 46 DEL DISTRITO FEDERAL

**RATIFICACION**

**ACTA N° 6991**

**FECHA: 13 DE ENERO DE 2003.**

DE FIRMA DE DECLARACION JURADA A SOLICITUD
DEL SEÑOR LICENCIADO **ROMUALDO SEGOVIA
SERRANO**, EN SU CARACTER DE SECRETARIO DEL
CONSEJO DE ADMINISTRACION DE LA SOCIEDAD
DENOMINADA "GRUPO TRANSPORTACION
FERROVIARIA MEXICANA", S.A. DE C.V.



EXHIBIT

A

Insurgentes Sur No. 577 · 3er. Piso · Col. Nápoles · C.P. 03810 · México, D.F.
Tel. 523-0177 · Tel y Fax 523-9276

**JUAN M. ALVAREZ MORENO**
CORREDOR PUBLICO No. 46 DEL DISTRITO FEDERAL

LIBRO NUMERO CINCO DE ACTAS Y POLIZAS. - - - - - - - - - -

ACTA NUMERO **SEIS MIL NOVECIENTOS NOVENTA Y UNO.** - - - - -

En la Ciudad de México, Distrito Federal, a **trece** de **enero** de dos

mil **tres.** - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Yo, Licenciado **JUAN MARTIN ALVAREZ MORENO**, Titular de la

Correduría Pública número Cuarenta y Seis del Distrito Federal,

hago constar: - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A).- Que en esta fecha comparece ante mí el señor Licenciado

**ROMUALDO SEGOVIA SERRANO**, en su carácter de Secretario, sin

formar parte del Consejo de Administración, de la sociedad

denominada **"GRUPO TRANSPORTACION FERROVIARIA**

**MEXICANA", SOCIEDAD ANONIMA DE CAPITAL VARIABLE** y

manifiesta bajo las siguientes:- - - - - - - - - - - - - - - - - - - - - - - -

- - - - - - - - - - - - D E C L A R A C I O N E S - - - - - - - - - - - - -

PRIMERA.- Que con esta misma fecha trece de enero de dos mil

tres, firmó un documento que contiene una Declaración Jurada, en

representación de la sociedad denominada **"GRUPO**

**TRANSPORTACION FERROVIARIA MEXICANA", SOCIEDAD**

**ANONIMA DE CAPITAL VARIABLE**, documento compuesto de

cuatro páginas útiles en idioma inglés y español, el cual me exhibe

en original y que anexo a la presente acta bajo la letra **"A"**, formando

parte integral de la misma, así como una copia fotostática a cada

uno de los ejemplares que de la presente se expidan y al archivo de

la correduría a mi cargo. - - - - - - - - - - - - - - - - - - - - - - - - - -

SEGUNDA.- Que acude ante el suscrito Corredor Público a ratificar

en todas y cada una de sus partes el contenido del documento antes

mencionado. - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TERCERA.- Que reconoce como suya la firma que calza dicho

documento por haber sido puesta de su puño y letra, y ser la que

usa en todos los actos. - - - - - - - - - - - - - - - - - - - - - - - - - - -

CUARTA.- El señor Licenciado **ROMUALDO SEGOVIA SERRANO**,

en representación de la sociedad denominada **"GRUPO**

**TRANSPORTACION FERROVIARIA MEXICANA", SOCIEDAD**



2

ANÓNIMA DE CAPITAL VARIABLE, manifiesta bajo protesta de decir verdad que su representada es una persona moral que tiene capacidad legal, debidamente constituida de conformidad con las Leyes que rigen en la República Mexicana y que las facultades con que se ostenta no le han sido revocadas, modificadas ni variadas en forma alguna, lo que me acredita con los siguientes instrumentos públicos:- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

I.- Primer testimonio de la escritura pública número treinta y dos mil setecientos treinta y dos, de fecha doce de julio de mil novecientos noventa y seis, otorgada ante la fe del licenciado Miguel Limón Díaz, Notario Público número Noventa y Siete del Distrito Federal, el cual quedó inscrito en el Registro Público de Comercio de esta ciudad, bajo el folio mercantil número doscientos doce mil trescientos catorce, el día seis de agosto de mil novecientos noventa y seis, mediante la cual se constituyó la sociedad denominada "TRANSPORTACION FERROVIARIA MEXICANA", SOCIEDAD DE RESPONSABILIDAD LIMITADA DE CAPITAL VARIABLE, con cláusula de admisión de extranjeros, domicilio en la Ciudad de México, Distrito Federal, duración de noventa y nueve años, capital mínimo de Cincuenta Mil Pesos, Moneda Nacional y variable ilimitado, teniendo por objeto social preponderante la construcción, operación, explotación, conservación y mantenimiento de vías generales de comunicación ferroviaria y de vías férreas, inclusive aquellas que se encuentren dentro de patios y que resulten necesarias para la operación de dichas vías, así como de cualquiera de sus partes integrantes, incluyendo de forma enunciativa mas no limitativa, el derecho de vía, el derecho de paso, los centros de control de tráfico y las señales para la operación ferroviaria.- - - - - - - - - - - - - - - - - - - - - - - - - - - - -

II.- En el libro de Actas de Asambleas de Socios de la sociedad denominada "TRANSPORTACION FERROVIARIA MEXICANA", SOCIEDAD DE RESPONSABILIDAD LIMITADA DE CAPITAL VARIABLE, obra a fojas seis a la diez el acta de la Asamblea

JUAN M. ALVAREZ MORENO
CORREDOR PÚBLICO No. 46 DEL DISTRITO FEDERAL

3

Ordinaria de Socios celebrada el día treinta y uno de diciembre de mil novecientos noventa y seis, en la cual se resolvió autorizar el aumento del capital social en su parte variable en la cantidad de Treinta y Tres Millones Ciento Setenta Mil Pesos, Moneda Nacional. -

III.- En el mencionado libro de Actas de la sociedad antes citada, obra a fojas once a la dieciséis el acta de la Asamblea Extraordinaria de Socios celebrada el día treinta y uno de enero de mil novecientos noventa y siete, en donde se aprobó el aumento del capital social en su parte variable en la cantidad de Cuatro Mil Setecientos Once Millones Ochocientos Ochenta Mil Pesos, Moneda Nacional. - - - - - -

IV.- Mediante quinto testimonio de la escritura pública número treinta y tres mil trescientos ochenta y siete, de fecha seis de mayo de mil novecientos noventa y siete, otorgada ante la fe del licenciado Miguel Limón Díaz, Notario Público número Noventa y Siete del Distrito Federal, se protocolizó el acta de Asamblea Extraordinaria de Socios de la sociedad denominada **"TRANSPORTACION FERROVIARIA MEXICANA", SOCIEDAD DE RESPONSABILIDAD LIMITADA DE CAPITAL VARIABLE,** celebrada el día seis de febrero de mil novecientos noventa y siete, en donde entre otros acuerdos se aprobó transformar la sociedad a **SOCIEDAD ANONIMA DE CAPITAL VARIABLE** y se cambió la denominación por la de **"GRUPO TRANSPORTACION FERROVIARIA MEXICANA";** así como la reforma total a los estatutos sociales.- - - - - - - - - - - - - - - - - -

V.- Con tercer testimonio de la escritura pública número treinta y siete mil novecientos treinta y siete, de fecha catorce de agosto de dos mil uno, otorgada ante la fe de la Licenciada Rosamaría López Lugo, Notario Público número Doscientos Veintitrés del Distrito Federal, plenamente identificada con ese carácter, actuando como asociada y en el protocolo del licenciado Miguel Limón Díaz, Titular de la Notaría Pública número Noventa y Siete de este mismo Distrito, se protocolizó el acta de Resoluciones Unánimes de los Accionistas, tomadas fuera de Asamblea de la sociedad denominada **"GRUPO TRANSPORTACION FERROVIARIA MEXICANA", SOCIEDAD**

4

ANONIMA DE CAPITAL VARIABLE, celebrada el día veinte de abril de dos mil uno, en la que entre otros puntos se acordó ratificar al señor Licenciado **ROMUALDO SEGOVIA SERRANO**, como Secretario del Consejo de Administración, sin formar parte del mismo. - - - - - - De dicha escritura transcribo en lo conducente lo que es del tenor literal siguiente: - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - " ... - - - <u>DECIMO TERCERA</u>.- "Se ratifica al Licenciado. Romualdo Segovia Serrano como Secretario del Consejo de Administración de la Sociedad sin ser miembro del mismo, para el ejercicio social en curso..." - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - YO, EL CORREDOR PUBLICO, CERTIFICO Y DOY FE: - - - - - - - -

I.- Que lo inserto y relacionado concuerda fielmente con sus originales de referencia que tuve a la vista.- - - - - - - - - - - - - - - -

II.- Que con fundamento en la fracción cuatro (romano) del artículo quince de la Ley Federal de Correduría Pública, el compareciente a mi juicio tiene capacidad legal, para contratar y obligarse, y lo orienté acerca del valor y consecuencias legales del presente acto, no encontrando en él manifestaciones evidentes de incapacidad natural y/o legal, y sin tener noticias de que se encuentre sujeto a interdicción.- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

III.- Que el compareciente advertido de las penas en que incurren quienes declaran con falsedad ante Fedatario Público, por sus generales manifestó ser: - - - - - - - - - - - - - - - - - - - - - - - - - - **ROMUALDO SEGOVIA SERRANO**, mexicano, originario de México, Distrito Federal, lugar donde nació el día dos de agosto de mil novecientos sesenta y uno, casado, Abogado, con domicilio en Periférico Sur número cuatro mil ochocientos veintinueve, cuarto piso, Colonia Parques del Pedregal, Código Postal catorce mil diez, Delegación Tlalpan, en esta ciudad. - - - - - - - - - - - - - - - - - - - -

IV.- Que con fundamento en el artículo treinta y dos, fracción seis (romano) del Reglamento de la Ley Federal de Correduría Pública, el compareciente no se identificó ante mí, en virtud de conocerlo personalmente.- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## JUAN M. ALVAREZ MORENO
CORREDOR PUBLICO No. 46 DEL DISTRITO FEDERAL

5

**V.-** Que habiéndole leído y explicado al compareciente el contenido de la presente acta, manifestó su conformidad con ella, momento en que la autorizo definitivamente.- - - - - - - - - - - - - - - - - - - - - - - -

**VI.-** Que la presente acta se levanta por duplicado y que consta de **cinco** páginas útiles, quedando una en poder del suscrito corredor público y la otra se entrega al compareciente. - - - - - - - - - - - - - -
- - - - - - - - - - - - - - - **F I R M A S** - - - - - - - - - - - - - - - - - -
ROMUALDO SEGOVIA SERRANO - - - - - - - - - - RUBRICA - - - -
**JUAN MARTIN ALVAREZ MORENO,** CORREDOR PUBLICO
NUMERO CUARENTA Y SEIS DEL DISTRITO FEDERAL - - - - - - - - -
RUBRICA.- - - EL SELLO DE AUTORIZAR.- - - - - - - - - - - - - - - - - - -
MEXICO, DISTRITO FEDERAL, A **TRECE** DE **ENERO** DE DOS MIL
TRES. - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
DOY FE. - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -



IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| VENANCIO SIFUENTES *et. al*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | CIVIL CAUSE NO. B-02-233 |
| | § | |
| GRUPO TRANSPORTACIÓN | § | |
| FERROVIARIA MEXICANA, S.A. DE | § | |
| C.V.,*et. al*, | § | |
| | § | |
| Defendants. | § | |

### AFFIDAVIT OF ROMUALDO SEGOVIA SERRANO

| | |
|---|---|
| MEXICO CITY | § |
| | § |
| MEXICO | § |

BEFORE ME, the undersigned Notary Public, on this day personally appeared ROMUALDO SEGOVIA SERRANO, who, being by me duly sworn on oath deposed and said the following:

1.    My name is Romualdo Segovia Serrano. I am over 18 years of age and have personal knowledge of the facts contained in this affidavit.

2.    I am the Corporate Secretary for Grupo Transportación Ferroviaria Mexicana, S.A. de C.V. ("Grupo TFM"), a defendant in the above styled case. Grupo TFM is a holding company, incorporated under the laws of the United Mexican States, and with its principal place of business in Mexico City, Mexico.

3.    As a holding company, Grupo TFM does not conduct business anywhere other than Mexico. Rather, it merely owns stock in companies that do business outside of Mexico. To

my knowledge, Grupo TFM does not directly own any property or conduct any operations within the State of Texas.

    4.    The lawsuit complains about injuries arising out of a grade crossing accident occurring in Mexico. On information and belief, this accident involved a train operated by TFM, S.A. de C. V. ("TFM").

    5.    TFM is a corporation duly organized and existing under the laws of the United Mexican States.  TFM is a subsidiary of Grupo TFM.

    Further Affiant sayeth not.

_____
Romualdo Segovia Serrano

SUBSCRIBED AND SWORN TO BEFORE ME by the said ROMUALDO SEGOVIA SERRANO, on this the 13th day of January 2003.

_____
JUAN M. ALVAREZ MORENO
Notary Public 46 México City, México

86527.000016 DALLAS 33223v1



**EN LA CORTE DE DISTRITO DE LOS ESTADOS UNIDOS DE AMÉRICA POR EL DISTRITO SUR DEL ESTADO DE TEXAS, DIVISIÓN BROWNSVILLE.**

| | | |
|---|---|---|
| VENANCIO SIFUENTES *et. al*, | § | |
| | § | |
| Actores, | § | |
| | § | |
| vs. | § | CAUSA NO. B-02-233 |
| | § | |
| GRUPO TRANSPORTACIÓN | § | |
| FERROVIARIA MEXICANA, S.A. DE | § | |
| C.V.. *et. al*, | § | |
| | § | |
| Defendidos. | | |

### DECLARACIÓN DE ROMUALDO SEGOVIA SERRANO

| | |
|---|---|
| CD. DE MÉXICO | § |
| | § |
| MÉXICO | § |

ANTE MI, el suscrito Corredor Público, en esta fecha se presentó personalmente ROMUALDO SEGOVIA SERRANO, quién, bajo protesta de decir verdad, indicó lo siguiente:

1. Mi nombre es Romualdo Segovia Serrano. Soy mayor de 18 años de edad y tengo conocimiento personal de los hechos que se contienen en la presente declaración (*"affidavit"*).

2. Soy el Secretario Corporativo de Grupo Transportación Ferroviaria Mexicana, S.A. DE C.V. ("Grupo TFM"), una demandada del caso citado en la referencia. Grupo TFM es una empresa controladora, constituida conforme a las leyes de los Estados Unidos Mexicanos, con domicilio social ("principal") en la Ciudad de México, Distrito Federal, México.

3. Como empresa controladora, Grupo TFM no hace negocios en otro lugar distinto de México. Por el contrario, solo tiene acciones de empresas que lo hacen fuera de México.

Hasta donde tengo conocimiento, Grupo TFM no posee directamente propiedad alguna ni mantiene operaciones en el estado de Texas.

4.    La reclamación referida versa sobre daños derivados de un accidente de crucero ocurrido en México. Derivado de la información que me consta, este accidente involucra a un tren operado por TFM, S.A. DE C.V. ("TFM").

5.    TFM es una empresa debidamente organizada y constituida de conformidad con las leyes de los Estados Unidos Mexicanos. TFM es una subsidiaria de Grupo TFM.

Nada más que decir.

_____
Romualdo Segovia Serrano

PROTESTADO Y FIRMADO ANTE MI por ROMUALDO SEGOVIA SERRANO, en esta fecha, 13 de enero del 2003.

_____
JUAN M ALVAREZ MORENO
Corredor Público 46 Ciudad de México, México

LICENCIADO JUAN MARTIN ALVAREZ MORENO, TITULAR DE LA CORREDURIA PUBLICA NUMERO CUARENTA Y SEIS DEL DISTRITO FEDERAL:-----------------------------------------------------------------
C E R T I F I C O: QUE EL SEÑOR LICENCIADO ROMUALDO SEGOVIA SERRANO, EN REPRESENTACION DE "GRUPO TRANSPORTACION FERROVIARIA MEXICANA" SOCIEDAD ANONIMA DE CAPITAL VARIABLE, ANTE LA FE DEL SUSCRITO CORREDOR, RATIFICO EL CONTENIDO DEL DOCUMENTO DE FECHA TRECE DE ENERO DE DOS MIL TRES, QUE ANTECEDE A LA PRESENTE DOCUMENTO COMPUESTO DE CUATRO PAGINAS UTILES, RECONOCIENDO COMO SUYA LA FIRMA QUE LO CALZA POR SER LA MISMA QUE UTILIZA EN TODOS LOS ACTOS.-----------------------------------------------------------------
HABIENDOSE LEVANTADO PARA CONSTANCIA EL ACTA NUMERO SEIS MIL NOVECIENTOS NOVENTA Y UNO, CON ESTA FECHA.-----------------
EL SEÑOR LICENCIADO ROMUALDO SEGOVIA SERRANO, ME ACREDITO LA LEGAL EXISTENCIA DE SU REPRESENTADA Y LA PERSONALIDAD CON QUE SE OSTENTA, MISMA QUE BAJO PROTESTA DE DECIR VERDAD MANIFIESTA QUE NO LE HA SIDO REVOCADA, MODIFICADA, NI EN FORMA ALGUNA VARIADA, CON EL DOCUMENTO QUE HA QUEDADO DESCRITO EN EL CUERPO DEL ACTA ANTERIORMENTE CITADA.-----------------------------------------------
MEXICO, DISTRITO FEDERAL, A TRECE DE ENERO DE DOS MIL TRES. DOY FE.-----------------------------------------------------------------
JMAM'ag*

JUAN MARTIN ALVAREZ MORENO
TITULAR DE LA CORREDURIA PUBLICA
NUMERO CUARENTA Y SEIS
DEL DISTRITO FEDERAL







SECRETARIA DE
ECONOMIA

LA SUSCRITA, SUBDIRECTORA AUTORIZACIONES Y DIFUSIÓN DE CORREDURÍA PÚBLICA, ADSCRITA A LA DIRECCIÓN GENERAL DE NORMATIVIDAD MERCANTIL DE LA SECRETARÍA DE ECONOMÍA, CON FUNDAMENTO EN LO DISPUESTO POR LOS ARTÍCULOS 1°, 2°, 3° FRACCIÓN I, 12 FRACCIÓN III DE LA LEY FEDERAL DE CORREDURÍA PÚBLICA; 1°, 18, 27 DE SU REGLAMENTO; 20 FRACCIÓN XVII Y ÚLTIMO PÁRRAFO DEL REGLAMENTO INTERIOR DE LA SECRETARÍA DE ECONOMÍA:

CERTIFICO

QUE LOS SELLOS, RÚBRICAS Y FIRMAS, QUE RESPECTIVAMENTE APARECEN EN EL ACTA NÚMERO 6991 (SEIS MIL NOVECIENTOS NOVENTA Y UNO), RELATIVA A LA RATIFICACIÓN DE DOCUMENTO Y FIRMA A CARGO DEL SEÑOR ROMUALDO SEGOVIA SERRANO, EN SU CARÁCTER DE SECRETARIO, SIN FORMAR PARTE DEL CONSEJO DE ADMINISTRACIÓN, DE LA SOCIEDAD DENOMINADA "GRUPO TRANSPORTACIÓN FERROVIARIA MEXICANA" SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, CONSTA EN 3 (TRES) HOJAS ÚTILES; 2 (DOS) IMPRESAS POR AMBOS LADOS Y 1 (UNA) IMPRESA SÓLO POR SU LADO ANVERSO, ASÍ COMO UN ANEXO CONSISTENTE EN 4 (CUATRO) HOJAS ÚTILES: 3 (TRES) IMPRESAS SÓLO POR SU LADO ANVERSO Y 1 (UNA) IMPRESA POR AMBOS LADOS, DICHOS SELLOS, RÚBRICAS Y FIRMAS, CONCUERDAN TOTALMENTE A LOS QUE SE ENCUENTRAN REGISTRADOS BAJO EL NÚMERO 163 (CIENTO SESENTA Y TRES), A FOJAS 25 (VEINTICINCO) DEL LIBRO DE REGISTRO DE CORREDORES NÚMERO 2 (DOS) DE ESTA UNIDAD ADMINISTRATIVA, MISMOS QUE CORRESPONDEN AL LICENCIADO JUAN MARTÍN ALVAREZ MORENO, QUIEN SE ENCONTRABA EN FUNCIONES COMO CORREDOR PÚBLICO NÚMERO 46 (CUARENTA Y SEIS) EN LA PLAZA DEL DISTRITO FEDERAL, EL DÍA 13 (TRECE) DE ENERO DEL AÑO 2003 (DOS MIL TRES); POR LO ANTERIOR, HAGO CONSTAR, QUE LAS FIRMAS, RÚBRICAS Y SELLOS CITADOS SON AUTÉNTICOS Y VÁLIDOS CONFORME A LA NORMATIVIDAD ANTERIORMENTE CITADA. ESTA LEGALIZACIÓN NO PREJUZGA SOBRE EL CONTENIDO O CUMPLIMIENTO DE LA LEGISLACIÓN APLICABLE AL ACTA MATERIA DE LA PRESENTE.-----------------------------------------------

MÉXICO, DISTRITO FEDERAL, A CATORCE DE ENERO DEL AÑO DOS MIL TRES.

LA SUBDIRECTORA

GUADALUPE ROSA DUEÑAS DONNADIEU

Este documento no es válido si presenta alguna tachadura, enmendadura o alteración y sin sello oficial que debe aparecer en la parte inferior derecha.

This document is not valid if it presents any cross out, amendment or alteration and without official seal that must appear in the right inferior side.

Ce document n'est pas valide s'il present une rature, amendement ou altération ou s'il manque le scese officier que'il doit apparaitre au côté inférieur droite.

México
SECRETARÍA DE GOBERNACIÓN
UNIDAD DE GOBERNO
S.G.D.F.                    Apostille
(Convention de la Haye du 5 octobre 1961)

ESTA SECRETARÍA NO SE HACE RESPONSABLE DEL CONTENIDO DEL DOCUMENTO

Derechos        $426.00
No orden        _____

En México el presente documento público ha sido firmado
por   C. GUADALUPE ROSA DUEÑAS DONNADIEU

quién actúa en calidad de SUBDIRECTORA DE AUTORIZACIONES Y DIFUSIÓN DE CORREDURÍA PÚBLICA DE LA DIRECCIÓN GENERAL DE NORMATIVIDAD MERCANTIL, EL DÍA 14 DE ENERO DE 2003.

y está revestido del sello correspondiente a la SECRETARÍA DE ECONOMÍA

Certificado en   MÉXICO, D.F.
DE MARIO RAZÁN, SUBDIRECTOR DE FORMA

el 16    de                días

SECRETARÍA DE GOBERNACIÓN
UNIDAD DE GOBIERNO

　


NOTARIA PUBLICA
TITULAR
LIC. JOSE JUAN SERNA IBARRA
MONTERREY, N. L., MEX.

CORTE DE DISTRITO DE LOS ESTADOS UNIDOS DE AMÉRICA POR EL
DISTRITO SUR DEL ESTADO DE TEXAS, DIVISIÓN BROWNSVILLE.

| | |
|---|---|
| VENANCIO SIFUENTES et al, | § |
| | § |
| Actores, | § |
| | § |
| vs. | § CAUSA CIVIL NO. B-02-233 |
| | § |
| GRUPO TRANSPORTACIÓN | § |
| FERROVIARIA MEXICANA, S.A. DE | § |
| C.V., et al, | § |
| | § |
| Defendidos. | § |

## DECLARACIÓN DE JORGE LICÓN

MONTERREY     §
                        §
NUEVO LEÓN, MEXICO     §

ANTE MI, el suscrito Notario Público, en esta fecha se presentó personalmente JORGE LICÓN, quien, bajo protesta de decir verdad, indicó lo siguiente.

1.    Mi nombre es Jorge Licón. Soy mayor de 18 años de edad y tengo conocimiento personal de los hechos que se contienen en la presente declaración ("*affidávit*").

2.    Soy el Director de Operaciones de TFM, S.A. de C.V. ("TFM").

3.    TFM tiene una concesión otorgada por el Gobierno Federal de los Estados Unidos Mexicanos para operar un ferrocarril exclusivamente en México. Lo más cercano que TFM puede operar de Texas es en el punto medio del puente internacional existente entre México y los Estados Unidos, en la frontera con Laredo. Nosotros denominamos este punto céntrico como la "línea amarilla".

4.    TFM opera trenes hasta la línea amarilla. En ese punto, la tripulación de TFM desembarca la locomotora y la tripulación de otro tren lo mueve al interior de Texas. De forma

AFFIDAVIT OF JORGE LICÓN                                                                 PAGE 1



**EXHIBIT**

**B**

similar, las tripulaciones de TFM toman las operaciones de los trenes que vienen de Texas hacia México, en dicha línea amarilla.

5.    Tengo conocimiento del accidente ferroviario entre un camión y un tren de TFM, ocurrido en o cerca del 18 de diciembre del 2000, en Santa Catarina, Nuevo León, Mexico ("el Accidente") TFM tiene y opera el tren involucrado en dicho accidente. La tripulación del tren de nombres involucrada en el Accidente son empleados de TFM.   Ambas personas de la tripulación son ciudadanos mexicanos.

6.    Ninguna de las siguientes sociedades ejerce control sobre las operaciones de los trenes de TFM que corren por Santa Catarina, Nuevo León, Mexico:  (1) Grupo Transportación Ferroviaria Mexicana, S.A. de C.V., (2) The Texas-Mexican Railway Company, (3) Mexrail, Inc., (4) Kansas City Southern, (5) el Kansas City Southern Railway Company.

Sin otra cuestión que declarar.

Jorge Licón

PROTESTADO Y FIRMADO ANTE MI por JORGE LICON, en esta fecha, 15 de enero del 2003.

NOTA FUERA DE PROTOCOLO NUMERO:- 536/2003

Notario Publico, Monterrey, Nuevo León

NOTARIA PUBLICA No. 50
TITULAR
LIC. JOSE JUAN SERNA IBARRA
MONTERREY, N. L., MEX
PRIMER DISTRITO



NOTARIA PUBLICA No. 50
T I T U L A R
LIC. JOSE JUAN SERNA IBARRA
MONTERREY, N. L., MEX.
PRIMER

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

VENANCIO SIFUENTES et. al,                    §
                                              §
        Plaintiffs,                           §
                                              §
vs.                                           §        CIVIL CAUSE NO. B-02-233
                                              §
GRUPO TRANSPORTACION                          §
FERROVIARIA MEXICANA, S.A. DE                 §
C.V., et. al.                                 §
                                              §
        Defendants.                           §

## AFFIDAVIT OF JORGE LICON

MONTERREY          §
                   §
NUEVO LEON, MEXICO           §

        BEFORE ME, the undersigned Notary Public, on this day personally appeared JORGE

LICON, who, being by me duly sworn on oath, deposed and said the following:

        1.      My name is Jorge Licon.  I am over 18 years of age and have personal knowledge

of the facts contained in this affidavit.

        2.      I am the Chief Operating Officer for TFM, S.A. de C.V. ("TFM")

        3.      TFM owns a concession title granted by the Federal Government of the United

Mexican States for the operation of a railroad exclusively within Mexico.  The closest that

TFM's operations come to Texas is the middle point of the international bridge between Mexico

and the United States, at the border with Laredo.  We call this center point the "yellow line."

        4.      TFM operates trains to the yellow line.  At that point, the TFM crew disembarks

the locomotive and another train crew will then move the train into Texas.  Similarly, TFM

crews take over the operations of trains coming from Texas to Mexico at the yellow line.

5.    I am aware of the train accident between a bus and a TFM train occurring on or about December 18, 2000 in Santa Catarina, Nuevo Leon, Mexico (the "Accident") TFM owns and operates the train that was involved in the Accident. The two-man train crew involved in the Accident are TFM employees. Both crew members are Mexican citizens.

6.    None of the following entities exercise any operational control of the TFM trains passing through Santa Catarina, Nuevo Leon, Mexico: (1) Grupo Transportación Ferroviaria Mexicana, S.A. de C.V., (2) The Texas-Mexican Railway Company, (3) Mexrail, Inc., (4) Kansas City Southern, (5) The Kansas City Southern Railway Company.

Further Affiant sayeth not.

_____
Jorge Licon

SUBSCRIBED AND SWORN TO BEFORE ME by the said JORGE LICON, on this the 15th, day of January 2003.

ACTA FUERA DE PROTOCOLO NUMERO:- 536/2003.

_____
Notary Public, Monterrey, Nuevo León

NOTARIA PUBLICA No. 50
TITULAR
LIC. JOSE JUAN SERNA IBARRA
MONTERREY, N. L., MEX.
PRIMER DISTRITO