

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JAN 1 6 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| VENANCIO SIFUENTES *et. al*, | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| vs. | § | CAUSE NO. B-02-233 |
| | § | |
| KANSAS CITY SOUTHERN INDUSTRIES, | § | |
| INC. *et. al*, | § | |
| | § | |
| **Defendants.** | § | |

---

## DEFENDANTS' GRUPO TFM AND THE TEXAS MEXICAN RAILWAY COMPANY MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND FORUM NON CONVENIENS

---

Respectfully submitted,

HUNTON & WILLIAMS

Paul O. Wickes
**Attorney-In-Charge**
State Bar No. 00788663
Fed I.D. No. [application pending]
1601 Bryan St., 30th Floor
Dallas, Texas 75201
(214) 979-3000
(214) 880-0011 FAX

RODRIGUEZ, COLVIN & CHANEY, L.L.P.

RosaMaria Villagómez-Vela
State Bar No. 24008210
Fed I.D. No. 22983
Joseph A. Rodriguez
State Bar No. 17146600
Fed. I.D. No. 10107
1201 East Van Buren
Post Office Box 2155
Brownsville, Texas 78522
Tel: (956) 542-7441
Fax: (956) 541-2170

## TABLE OF CONTENTS

INTRODUCTION ........................................................................................................... 1

FACTUAL BACKGROUND ........................................................................................... 2

MOTIONS TO DISMISS ................................................................................................ 3

    I.    Dismissal is Proper Because This Court Lacks Subject
        Matter Jurisdiction............................................................................................ 3

        A.    28 U.S.C. § 1350 Does Not Confer Subject Matter
               Jurisdiction.............................................................................................. 3

               1.    Plaintiffs have not specifically alleged a violation of a
                     treaty or international law that gives rise to their claim ................. 4

               2.    Plaintiffs cannot allege a violation of the "laws of
                     nations" here................................................................................ 6

               3.    Conclusion ................................................................................... 7

        B.    No Other Basis for Jurisdiction Exists ..................................................... 7

               1.    There is no diversity jurisdiction under 28 U.S.C. § 1332 ............ 7

               2.    There is no federal question jurisdiction under
                     28 U.S.C. § 1331 ......................................................................... 8

    II.    Suit Should Be Dismissed Under The Doctrine Of Forum
        Non Conveniens .................................................................................................. 8

        A.    Mexico is an Adequate, Alternate Forum ................................................. 9

        B.    Public/Private Interest Factors Weigh Completely in Favor
               of a Mexican Forum ................................................................................ 9

CONCLUSION ............................................................................................................. 11

# TABLE OF AUTHORITIES

## CASES

*Beanal v. Freeport-McMoran, Inc.*, 197 F.3d 161, 165 (5th Cir. 1999)
   *quoting Cohen v. Hartman*, 634 F.2d 318, 319 (5th Cir. 1981) ......................... 6

*Chick Kam Choo v. Exxon Corp.*, 764 F.2d 1148, 1152 (5th Cir. 1985)..................... 7,8

*Dickson Marine, Inc. v. Panalping, Inc.*, 179 F.3d 331, 341 (5th Cir. 1999) ............... 10

*Filartiga v. Pena-Irala*, 630 F.2d 876, 888 (2nd Cir. 1980) ........................... 6

*Gonzalez v. Chrysler Corp.*, 301 F.3d 377, 381-82 (5th Cir. 2002).................... 9,10,11

*Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947) ........................... 9

*Hanoch Tel-Oren v. Libyan Arab Republic*, 517 F. Supp. 542, 45 (D.D.C. 1981),
   *affirmed*, 726 F.2d 774, 75 (D.C. Cir.1984), *cert. denied*, 470 U.S. 1003,
   105 S.Ct. 1354, 84 L.Ed.2d 377 (1985) ........................... 4,5,6

*Jones v. Petty Ray Geophysical Geosource, Inc.*, 722 F. Supp. 343, 348
   (S. D. Tex. 1981), *affirmed*, 954 F.2d 1061 (5th Cir. 1992)..................... 3,4,5,6

*Karim v. Finch Shipping Co., Ltd.*, 265 F.3d 258, 268 (5th Cir. 2001)......................... 8

*Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254 (1981)......................... 8,9

*Zaini v. Shell Oil Co.*, 853 F. Supp. 960, 63 (S.D. Tex. 1994) ..................... 7

## STATUTES

28 U.S.C. § 1331 ........................... 5,8

28 U.S.C. § 1332 ........................... 7

28 U.S.C. § 1350 ........................... *passim*

## OTHER

5A *Wright & Miller*, FEDERAL PRACTICE & PROCEDURE, CIVIL 2D § 1350
   at 226 (West 1990)........................... 3

14A *Wright & Miller* § 3661.1, pp. 148-51 ........................... 6

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **VENANCIO SIFUENTES** *et. al,* | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **vs.** | § | **CAUSE NO. B-02-233** |
| | § | |
| **KANSAS CITY SOUTHERN INDUSTRIES,** | § | |
| **INC.** *et. al,* | § | |
| | § | |
| **Defendants.** | § | |

## DEFENDANTS' GRUPO TFM AND THE TEXAS MEXICAN RAILWAY COMPANY MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND FORUM NON CONVENIENS

To the Honorable Court:

NOW COME Defendants Grupo Transportacion Ferroviaria Mexicana, S.A. de C.V. ("Grupo TFM") and The Texas-Mexican Railway Company ("Tex-Mex") and file this motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure and on the grounds of forum non conveniens.[1]

### INTRODUCTION

This is a railroad grade crossing accident suit. The accident occurred on December 18, 2000 near Monterey, Mexico. The train was owned and operated by TFM, S.A. de C.V. ("TFM"), a Mexican corporation that has not been sued in this case. Plaintiffs were passengers on a bus (or family members of someone riding on the bus) that collided with the TFM train. In short, this is a simple tort dispute between Mexican citizens and a Mexican corporation that arises out of events that occurred entirely within Mexico.

## FACTUAL BACKGROUND

1.      Plaintiffs allege injuries arising out of a December 18, 2000 train/bus collision near Monterey, Mexico. *See Plaintiffs' Original Complaint* ¶ 18. All plaintiffs are "aliens to the United States" and reside in Mexico. *Id.* ¶¶ 1-9, 18.

2.      Defendant Grupo TFM is a Mexican corporation with its principal place of business in Mexico City, Mexico. *Affidavit of Romualdo Segovia Serrano* ¶ 3.[2] It is a holding company and owns a majority of the stock of TFM, S.A. de C.V. ("TFM"), which is also a Mexican corporation. *Serrano Aff.* ¶ 5.

3.      TFM owned the locomotive, had rights over the rail, and employed the train crew involved in the December 18 accident in Santa Catarina, Nuevo Leon, Mexico. *Licon Aff.* ¶ 5.

4.      The train crew that operated the train involved in the accident live in Mexico. *Licon Aff.* 5.

5.      TFM owns a concession title granted by the Federal Government of the United Mexican States for the operation of a railroad exclusively within Mexico. *Licon Aff.* ¶ 3. The closest that TFM's operations come to Texas is the middle point of the international bridge between Mexico and the United States, at the border with Laredo. This center point is commonly referred to as the "yellow line."

6.      TFM operates trains to the yellow line. At that point, the TFM crew disembarks the locomotive and another train crew will then move the train into Texas. Similarly, TFM crews take over the operations of trains coming from Texas to Mexico at the yellow line.

---

[1] Contemporaneous with the filing of this motion, Defendant Grupo TFM is a separate motion under Rule 12(b)(2) contesting personal jurisdiction. Grupo TFM joins in this motion subject to and without waiver of their personal jurisdictional challenge.

7.    None of the following Defendants named in this lawsuit exercise any operational control of the TFM trains going through Santa Catarina, Nuevo Leon, Mexico: (1) Grupo TFM, (2) Tex-Mex, (3) Mexrail, Inc.,[3] (4) Kansas City Southern, or (5) The Kansas City Southern Railway Company. *Licon Aff.* ¶ 6.

## MOTIONS TO DISMISS

### I.    DISMISSAL IS PROPER BECAUSE THIS COURT LACKS SUBJECT MATTER JURISDICTION.

Defendants move this Court to dismiss suit pursuant to Rule 12(b)(1) because Plaintiffs have failed to meet their burden of proof in establishing subject matter jurisdiction. 5A *Wright & Miller*, FEDERAL PRACTICE & PROCEDURE, CIVIL 2D § 1350 at 226 (West 1990) (hereafter, "*Wright & Miller*") ("The burden of proof on a Rule 12(b)(1) motion is on the party asserting jurisdiction). Plaintiffs attempt to invoke the jurisdiction of this Court by pleading that this suit "arises under 28 United States Code, Section 1350 and the North American Free Trade Agreement." *Plaintiffs' Complaint* ¶I(1). As will be discussed next, no basis exists for jurisdiction under § 1350, nor does it exist under any other basis.

### A.    28 U.S.C. § 1350 Does Not Confer Subject Matter Jurisdiction.

The Alien Tort Statute, 28 U.S.C. § 1350, states as follows:

> The District Courts shall have original jurisdiction of civil actions by an alien for a tort only, committed in violation of the law of nations or a treaty of the United States.

Jurisdiction does not vest under §1350 unless three elements are present: (1) the claims must be made by an alien, (2) it must be for a tort; and (3) the tort must be in violation of the *law of nations* or *the treaties of the United States*. *Jones v. Petty Ray Geophysical Geosource, Inc.*,

---

[2] The affidavits of Romualdo Segovia Serrano, Frank A. Russo, Roman A. Bninski, and Jorge Licon are attached hereto as Exhibits A-D, respectively, and are incorporated herein.

722 F. Supp. 343, 348 (S. D. Tex. 1981), *affirmed,* 954 F.2d 1061 (5th Cir. 1992) (emphasis

added).  For purposes of this motion, Defendants contest only the third element.  Plaintiffs'

claims are fatally flawed and the Southern District of Texas does not have subject matter

jurisdiction under § 1350 since the Plaintiffs' tort claim does not arise from a violation of the law

of nations or any treaty of the United States.

> **1.    Plaintiffs have not specifically alleged a violation of a treaty or
> international law that gives rise to their claim.**

To establish jurisdiction under § 1350, Plaintiffs must specifically allege the specific

treaty or international law that gives rise to their claim.  This principal was illustrated in *Hanoch*

*Tel-Oren v. Libyan Arab Republic,* 517 F. Supp. 542, 45 (D.D.C. 1981), *affirmed,* 726 F.2d 774,

75 (D.C. Cir.1984), *cert. denied,* 470 U.S. 1003, 105 S.Ct. 1354, 84 L.Ed.2d 377 (1985).  There,

families of victims in a terrorist attack on a bus in Israel filed suit in federal court in the District

of Columbia against the Libyan Arab Republic and the Palestine Liberation Organization among

others seeking damages sustained as the result of the attack.  517 F. Supp. at 545 (D.D.C. 1981),

*affirmed,* 726 F.2d 774, 75 (D.C. Cir.1984), *cert. denied,* 470 U.S. 1003, 105 S.Ct. 1354, 84

L.Ed.2d 377 (1985).  One of the grounds asserted for the Court's exercise of subject matter

jurisdiction was 28 U.S.C. § 1350.  The Court rejected the plaintiffs' arguments because they

failed to identify a specific cause of action that was given to them by a specific U.S. treaty or by

a law of nations.  *Id.* at 549.  The Court held as follows:

> [Section 1350] serves merely as an entrance into the federal courts and in no way
> provides a cause of action to any plaintiff.  Somewhere in the law of nations or in
> the treaties of the United States, the plaintiffs must discern and plead a cause of
> action that, if proved, would permit the Court to grant relief.  The plaintiffs cite no
> cause of action given to them by the law of nations or by treaties of the United

---

<sup>3</sup> Mexrail, Inc. is named in the complaint, but has not been served.

> States. Just as discussed under § 1331, an action predicated on a treaty or on more general norms of international law must have at its basis a specific right to a private claim. Plaintiffs have demonstrated no such entitlement.

*Id.* Thus, in short, unless a plaintiff can identify a specific cause of action arising out of a specifically alleged treaty or law of nations, jurisdiction under § 1350 fails.

The Southern District of Texas adopted the reasoning in *Hanoch Tel-Oren* in the *Jones v. Petty Ray Geophysical Geosources, Inc.* case. In *Jones,* the family of a murdered Texas resident filed suit in the Southern District of Texas against the Republic of Sudan and Geophysical Geosources, Inc. after Mr. Jones was killed while working in the Sudan. 722 F. Supp. at 345. The plaintiff attempted to use § 1350 to support subject matter jurisdiction for his claim that the defendants failed to: (1) warn Jones of the danger of working in the Sudan; (2) provide a safe place of work; (3) provide adequate military/police protection; and (4) move Jones from the area. *Id.* at 345, 348.

The *Jones* court granted defendant's motion under Rule 12(b)(1) and dismissed the plaintiff's claims finding that §1350 did not confer jurisdiction because the plaintiff had not shown where his cause of action arose under the law of nations. *Id.* at 348. The court further explained that federal courts must be hesitant to find causes of action for purposes of establishing subject matter jurisdiction under the Alien Tort Statute when the basis of the plaintiff's jurisdiction allegations have not been clearly identified. *Id.* Because the plaintiff's complaint contained only unsupported allegations, the court dismissed the case. *Id.*

Similar to the plaintiffs in *Hanoch Tel-Oren* and *Jones,* Plaintiffs here seek damages arising out of an incident occurring in a foreign country. As in those cases, Plaintiffs' Complaint fails to identify any private right of action afforded to them by a U.S. treaty or a law of nations. Instead, their complaint contains only a bald, rather generic statement that "Defendants violated

the law of nations in that Defendants actively participated in derailing governmental investigations against public interest." *Plaintiffs' Complaint*, p. 5, §IV, ¶ 30. As held in *Hanoch Tel-Oren* and *Jones*, Plaintiffs must do more than plead these bare allegations.

### 2.   Plaintiffs cannot allege a violation of the "laws of nations" here.

The scope of the "laws of nations" that can support jurisdiction under § 1350 is a narrow one. As explained by the Fifth Circuit, "the standards by which nations regulate their dealing with one another *inter se* constitutes the 'law of nations.'" *Beanal v. Freeport-McMoran, Inc.*, 197 F.3d 161, 165 (5th Cir. 1999) *quoting Cohen v. Hartman*, 634 F.2d 318, 319 (5th Cir. 1981). These standards include the rules of conduct that govern the affairs of the United States, acting in its national capacity, in its relationships with other nations. *Id.* The laws of nations are defined by customary usage and clearly articulated principles of the international community. *Id.* As one court explained, "It is only where the nations of the world have demonstrated that the wrong is of mutual and not merely several, concern, by means of express international accords, that a wrong generally recognized becomes an international violation in the meaning of the Alien Tort Statute. *Id.* at 167 *quoting Filartiga v. Pena-Irala*, 630 F.2d 876, 888 (2nd Cir. 1980). Put simply, § 1350 "applies only to shockingly egregious violations of universally recognized principals of international law." *Beanal v. Freeport-McMoran*, 197 F.3d at 167. Professors Wright and Miller summarized the holdings under § 1350 as follows:

> Subject matter jurisdiction under Section 1350 has been limited to cases involving violations of norms of human conduct recognized by a consensus of the international community. For example, jurisdiction has been granted in cases involving official torture, genocide, bombings, violations of diplomatic immunity, and violations of a treaty, but ***denied in cases involving*** unseaworthiness or ***negligence***, fraud or deceit, property damage incurred outside the United States in wartime, terrorist attacks, and alleged violations by the President of the constitutional provision reserving to Congress the power to declare war.

14A *Wright & Miller* § 3661.1, pp. 148-51 (Emphasis added, internal citations omitted).

Here, Plaintiffs allege a simple negligence claim. Although the train/bus accident caused a tragic loss for Plaintiffs, the incident does not arise out of a "shockingly egregious violation[] of universally recognized principals of international law." Accordingly, there is no underlying tort of the type that would support jurisdiction under § 1350.

### 3.    Conclusion.

To conclude, because Plaintiffs' complaint fails to identify a private right of action against the Defendants that was conferred by a specific treaty or law of nations, jurisdiction is not vested in the Southern District of Texas under §1350.

### B.    No Other Basis For Jurisdiction Exists.

Plaintiffs allege jurisdiction under § 1350 only. If they were to attempt to invoke the Court's jurisdiction based on diversity or the existence of a federal question, that attempt would also fail.

### 1.    There is no diversity jurisdiction under 28 U.S.C. § 1332.

Federal diversity jurisdiction may exist under 28 U.S.C. § 1332 when the controversy is between "(1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state, defined in section 1603 (a) of this title, as plaintiff and citizens and of a State or of different States...." Here, there can be no diversity jurisdiction because there are Mexican citizens on both sides of the case. *See Plaintiffs' Complaint*, pp. 2-3, § II, ¶¶ 1-15. Plaintiffs are Mexican citizens and Grupo TFM is a Mexican corporation. The presence of at least one alien on both sides of the case destroys diversity jurisdiction. *Zaini v. Shell Oil Co.*, 853 F. Supp. 960, 63 (S.D. Tex. 1994) (federal diversity jurisdiction may not be

invoked in a suit between aliens of the United States); *Chick Kam Choo v. Exxon Corp.*, 764 F.2d 1148, 1152 (5th Cir. 1985) (held that it was reversible error for the district court to exercise diversity jurisdiction where there were aliens on both sides of the dispute).

Significantly, the only proper parties to a suit between Plaintiffs and the railroad of which they complain would be Plaintiffs and TFM. TFM is the entity that (1) owned the locomotive involved in the accident, (2) had operating rights for the rail where the accident occurred, and (3) employed the crew operating the train involved in the accident. *Licon Aff.* 5. These facts do not apply to any of the other named defendants. *Id.* ¶ 6. Thus, among the only proper parties to this suit, the court is presented with a dispute between Mexican plaintiffs and TFM, a single Mexican corporation.

### 2.   There is no federal question jurisdiction under 28 U.S.C. § 1331.

Federal question jurisdiction exists in a civil case arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. Plaintiffs have failed to cite part of the Constitution nor any law or treaty that devises a private right of action against the Defendants for recovery of the damages they allegedly sustained as the result of the train/bus accident. Moreover, Defendants are not aware of any Constitutional provision, law or treaty which would create federal question jurisdiction for the Southern District of Texas to hear this case. Consequently, the possibility of federal question jurisdiction in this case is foreclosed.

## II.   SUIT SHOULD BE DISMISSED UNDER THE DOCTRINE OF FORUM NON CONVENIENS.

The doctrine of forum non conveniens enables a court to decline to exercise its jurisdiction if the convenience of the parties and the court and the interests of justice indicate that the case should be tried in another forum. *Karim v. Finch Shipping Co., Ltd.*, 265 F.3d 258, 268 (5th Cir. 2001). The Supreme Court established the framework for analyzing a forum non

conveniens motion in *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254 (1981). First, "the court

must determine whether there exists an alternate forum." *Id.* at 254 n.22. Second, the court must

consider certain private and public interest factors to determine which forum is best suited to the

litigation.

### A.    Mexico is an Adequate, Alternate Forum.

In determining whether or not the first consideration is met, *Piper Aircraft* directs that

courts look to whether a defendant is amendable to process in the alternate forum and if the

alternate forum provides an adequate remedy. 454 U.S. at 254-55 n. 22. Here, Plaintiffs' claims

arise out of a railroad collision in Mexico. The company that owns and operates the railroad

involved in the collision would certainly be amenable to service in Mexico. Moreover, the Fifth

Circuit has already held that Mexico provides an adequate remedy for wrongful death and tort

claims like this one. *See Gonzalez v. Chrysler Corp.*, 301 F.3d 377, 381-82 (5th Cir. 2002)

(holding that Mexican forum provides a satisfactory remedy to car accident victim despite lack

of a strict liability theory and a statutory cap on damages).

### B.    Public/Private Interest Factors Weigh Completely In Favor of a Mexican Forum.

The public and private interest factors grow out of the Supreme Court's opinion in *Gulf

Oil Corp. v. Gilbert*, 330 U.S. 501 (1947), which the Fifth Circuit has adopted for considering

motions to change venue under 28 U.S.C. § 1404(a).

The private interest factors include:  the "relative ease of access to sources of proof; [the]

availability of compulsory process for attendance of unwilling witnesses, and the cost of

obtaining attendance of willing witnesses; [the] possibility of view of premises, if view would be

appropriate to the action; and all other practical problems that make trial of a case easy,

expeditious and inexpensive." *Dickson Marine, Inc. v. Panalping, Inc.*, 179 F.3d 331, 341 (5th Cir. 1999). (internal quotes omitted).

The relevant public interest factors include: the "administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty." *Id.* (internal quotes omitted).

Here, all factors point towards a Mexican forum. Both Plaintiffs and TFM, the operating railroad, are Mexican. The accident happened in Mexico. Accordingly, most, if not all, of the witnesses will also reside in Mexico. These witnesses would not be subject to subpoena in Texas and costs of obtaining their testimony would increase dramatically if the suit is held in Texas. With regard to the public interest factors, Texas has no interest in resolving this Mexican controversy, Texas jurors should not be burdened with considering the matter, and Mexican law would apply. Put simply, there is absolutely no connection to the facts of this case and Texas. Under similar circumstances, the Fifth Circuit held that a court's decision to grant a forum non conveniens motion was proper with the following statement:

> After all, the tort victim was a Mexican citizen, the driver of the Chrysler LHS is a Mexican citizen, and the plaintiff is a Mexican citizen. The accident took place in Mexico. Gonzalez purchased the car in Mexico. Neither the car nor the air bag was designed or manufactured in Texas. In short, there are no public or private interest factors that would suggest Texas is the appropriate forum for the trial of this case.

*Gonzalez v. Chrysler*, 301 F.3d at 383-84. Similarly here, the alleged tort victims, the witnesses, the incident site, the bus company, and the railroad that operated the train are all in Mexico. As

in *Gonzalez*, there are simply no public or private interest factors that would suggest Texas is an appropriate forum for this suit.

## CONCLUSION

Plaintiffs have failed to establish a jurisdictional basis for this Court to hear this case. Alternatively, if such jurisdiction does exist, it should be dismissed so that the suit may be brought in a more appropriate Mexican forum.

WHEREFORE, Defendants pray that their Motion to Dismiss pursuant to Rule 12(b)(1) be granted or, alternatively, that their motion to dismiss under the doctrine of forum non conveniens be granted.

Respectfully submitted,

HUNTON & WILLIAMS

By: *Paul O. Wickes w/perm*    *Rosa Maria Villgonez-Dela*
Paul O. Wickes
**Attorney-In-Charge**
State Bar No. 00788663
Fed I.D. No. [application pending]
1601 Bryan St., 30th Floor
Dallas, Texas 75201
(214) 979-3000
(214) 880-0011 FAX

RODRIGUEZ, COLVIN & CHANEY, L.L.P.

By: _RosaMaria Villagómez-Vela_

RosaMaria Villagómez-Vela
State Bar No. 24008210
Fed I.D. No. 22983
Joseph A. Rodriguez
State Bar No. 17146600
Fed. I.D. No. 10107
1201 East Van Buren
Post Office Box 2155
Brownsville, Texas 78522
Tel:  (956) 542-7441
Fax: (956) 541-2170
**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the aforementioned document was served upon all pro se plaintiffs of record, to-wit:

Maria Guadalupe Arroyo Tobias
Calle Obreos Libre #237
Col. Martires de Cananea
Santa Catarina, N.L. Mexico

Estela Guzman (Gorman) De Guerra
Calle Rincon De La Fama #328
Infonavit Rincon del Pte
Santa Catarina, N.L. Mexico

Angela de Santiago
Calle San Martin Tuxtula #312
Col. San Gilberto
Santa Catarina, N.L. Mexico

Maria Marcelina Trejo De Reyes
1 Oriente #219
Col. Lopez Mateos
Santa Catarina, N.L. Mexico

Mirna Izaquirre De Robles
Obreros Libre #237
Col. Martires de Cananea
Santa Catarina, N.L. Mexico

Rene Rodriguez
Calle 15 Ptc #320
Col. Lopez Mateos
Santa Catarina, N.L. Mexico

Venancio Sifuentes V
Calle Silla #236
Fracc Hacienda Los Portales
Santa Catarina, N.L. Mexico

Raquel Garcia Vallejo
Calle Nva. Independencia #219
Col. Independencia
Monterry, N.L. Mexico

Ruben Blancas
Huerta #158
Col. Portales
Santa Catarina, N.L. Mexico

by regular mail and registered mail, return receipt requested pursuant to the Federal Rules of Civil Procedure, on this the 16th day of January 2003.

Paul O. Wickes

# LIC. JUAN M. ALVAREZ MORENO

## CORREDOR PUBLICO No. 46 DEL DISTRITO FEDERAL

**RATIFICACION**

**ACTA Nº 6991**

**FECHA: 13 DE ENERO DE 2003.**

DE FIRMA DE DECLARACION JURADA A SOLICITUD DEL SEÑOR LICENCIADO **ROMUALDO SEGOVIA SERRANO**, EN SU CARACTER DE SECRETARIO DEL CONSEJO DE ADMINISTRACION DE LA SOCIEDAD DENOMINADA "GRUPO TRANSPORTACION FERROVIARIA MEXICANA", S.A. DE C.V.



**EXHIBIT**

tabbies

A

Insurgentes Sur No. 577  •  3er. Piso  •  Col. Nápoles  •  C.P. 03810  •  México, D.F.
Tel. 523-0177  •  Tel y Fax 523-9276

**JUAN M. ALVAREZ MORENO**
CORREDOR PUBLICO No. 46 DEL DISTRITO FEDERAL

LIBRO NUMERO CINCO DE ACTAS Y POLIZAS. - - - - - - - - -

ACTA NUMERO SEIS MIL NOVECIENTOS NOVENTA Y UNO. - - - - -

En la Ciudad de México, Distrito Federal, a **trece** de **enero** de dos
mil **tres.** - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Yo, Licenciado **JUAN MARTIN ALVAREZ MORENO**, Titular de la
Correduría Pública número Cuarenta y Seis del Distrito Federal,
hago constar: - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A).- Que en esta fecha comparece ante mí el señor Licenciado
**ROMUALDO SEGOVIA SERRANO,** en su carácter de Secretario, sin
formar parte del Consejo de Administración, de la sociedad
denominada **"GRUPO TRANSPORTACION FERROVIARIA
MEXICANA",** **SOCIEDAD ANONIMA DE CAPITAL VARIABLE** y
manifiesta bajo las siguientes:- - - - - - - - - - - - - - - - - - - - - - -

- - - - - - - - - - - **D E C L A R A C I O N E S** - - - - - - - - - - - - -

PRIMERA.- Que con esta misma fecha trece de enero de dos mil
tres, firmó un documento que contiene una Declaración Jurada, en
representación de la sociedad denominada **"GRUPO
TRANSPORTACION FERROVIARIA MEXICANA", SOCIEDAD
ANONIMA DE CAPITAL VARIABLE,** documento compuesto de
cuatro páginas útiles en idioma inglés y español, el cual me exhibe
en original y que anexo a la presente acta bajo la letra **"A",** formando
parte integral de la misma, así como una copia fotostática a cada
uno de los ejemplares que de la presente se expidan y al archivo de
la correduría a mi cargo. - - - - - - - - - - - - - - - - - - - - - - - - - - -

SEGUNDA.- Que acude ante el suscrito Corredor Público a ratificar
en todas y cada una de sus partes el contenido del documento antes
mencionado. - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TERCERA.- Que reconoce como suya la firma que calza dicho
documento por haber sido puesta de su puño y letra, y ser la que
usa en todos los actos. - - - - - - - - - - - - - - - - - - - - - - - - - - -

CUARTA.- El señor Licenciado **ROMUALDO SEGOVIA SERRANO,**
en representación de la sociedad denominada **"GRUPO
TRANSPORTACION FERROVIARIA MEXICANA", SOCIEDAD**



2

ANÓNIMA DE CAPITAL VARIABLE, manifiesta bajo protesta de decir verdad que su representada es una persona moral que tiene capacidad legal, debidamente constituida de conformidad con las Leyes que rigen en la República Mexicana y que las facultades con que se ostenta no le han sido revocadas, modificadas ni variadas en forma alguna, lo que me acredita con los siguientes instrumentos públicos: - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

I.- Primer testimonio de la escritura pública número treinta y dos mil setecientos treinta y dos, de fecha doce de julio de mil novecientos noventa y seis, otorgada ante la fe del licenciado Miguel Limón Díaz, Notario Público número Noventa y Siete del Distrito Federal, el cual quedó inscrito en el Registro Público de Comercio de esta ciudad, bajo el folio mercantil número doscientos doce mil trescientos catorce, el día seis de agosto de mil novecientos noventa y seis, mediante la cual se constituyó la sociedad denominada **"TRANSPORTACIÓN FERROVIARIA MEXICANA", SOCIEDAD DE RESPONSABILIDAD LIMITADA DE CAPITAL VARIABLE**, con cláusula de admisión de extranjeros, domicilio en la Ciudad de México, Distrito Federal, duración de noventa y nueve años, capital mínimo de Cincuenta Mil Pesos, Moneda Nacional y variable ilimitado, teniendo por objeto social preponderante la construcción, operación, explotación, conservación y mantenimiento de vías generales de comunicación ferroviaria y de vías férreas, inclusive aquellas que se encuentren dentro de patios y que resulten necesarias para la operación de dichas vías, así como de cualquiera de sus partes integrantes, incluyendo de forma enunciativa mas no limitativa, el derecho de vía, el derecho de paso, los centros de control de tráfico y las señales para la operación ferroviaria.- - - - - - - - - - - - - - - - - - - - - - - - - - - -

II.- En el libro de Actas de Asambleas de Socios de la sociedad denominada **"TRANSPORTACIÓN FERROVIARIA MEXICANA", SOCIEDAD DE RESPONSABILIDAD LIMITADA DE CAPITAL VARIABLE**, obra a fojas seis a la diez el acta de la Asamblea

JUAN M. ALVAREZ MORENO
CORREDOR PUBLICO No. 46 DEL DISTRITO FEDERAL

3

Ordinaria de Socios celebrada el día treinta y uno de diciembre de
mil novecientos noventa y seis, en la cual se resolvió autorizar el
aumento del capital social en su parte variable en la cantidad de
Treinta y Tres Millones Ciento Setenta Mil Pesos, Moneda Nacional. -
III.- En el mencionado libro de Actas de la sociedad antes citada,
obra a fojas once a la dieciséis el acta de la Asamblea Extraordinaria
de Socios celebrada el día treinta y uno de enero de mil novecientos
noventa y siete, en donde se aprobó el aumento del capital social en
su parte variable en la cantidad de Cuatro Mil Setecientos Once
Millones Ochocientos Ochenta Mil Pesos, Moneda Nacional. - - - - - -
IV.- Mediante quinto testimonio de la escritura pública número
treinta y tres mil trescientos ochenta y siete, de fecha seis de mayo
de mil novecientos noventa y siete, otorgada ante la fe del licenciado
Miguel Limón Díaz, Notario Público número Noventa y Siete del
Distrito Federal, se protocolizó el acta de Asamblea Extraordinaria de
Socios de la sociedad denominada **"TRANSPORTACION
FERROVIARIA MEXICANA", SOCIEDAD DE RESPONSABILIDAD
LIMITADA DE CAPITAL VARIABLE,** celebrada el día seis de febrero
de mil novecientos noventa y siete, en donde entre otros acuerdos se
aprobó transformar la sociedad a **SOCIEDAD ANONIMA DE
CAPITAL VARIABLE** y se cambió la denominación por la de
**"GRUPO TRANSPORTACION FERROVIARIA MEXICANA";** así como
la reforma total a los estatutos sociales.- - - - - - - - - - - - - - - - - -
V.- Con tercer testimonio de la escritura pública número treinta y
siete mil novecientos treinta y siete, de fecha catorce de agosto de
dos mil uno, otorgada ante la fe de la Licenciada Rosamaría López
Lugo, Notario Público número Doscientos Veintitrés del Distrito
Federal, plenamente identificada con ese carácter, actuando como
asociada y en el protocolo del licenciado Miguel Limón Díaz, Titular
de la Notaría Pública número Noventa y Siete de este mismo Distrito,
se protocolizó el acta de Resoluciones Unánimes de los Accionistas,
tomadas fuera de Asamblea de la sociedad denominada **"GRUPO
TRANSPORTACION FERROVIARIA MEXICANA", SOCIEDAD**

4

ANONIMA DE CAPITAL VARIABLE, celebrada el día veinte de abril de dos mil uno, en la que entre otros puntos se acordó ratificar al señor Licenciado **ROMUALDO SEGOVIA SERRANO**, como Secretario del Consejo de Administración, sin formar parte del mismo. - - - - - - De dicha escritura transcribo en lo conducente lo que es del tenor literal siguiente: - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

" ... - - - DECIMO TERCERA.- "Se ratifica al Licenciado. Romualdo Segovia Serrano como Secretario del Consejo de Administración de la Sociedad sin ser miembro del mismo, para el ejercicio social en curso..." - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

YO, EL CORREDOR PUBLICO, CERTIFICO Y DOY FE: - - - - - - - -

I.- Que lo inserto y relacionado concuerda fielmente con sus originales de referencia que tuve a la vista.- - - - - - - - - - - - - - - -

II.- Que con fundamento en la fracción cuatro (romano) del artículo quince de la Ley Federal de Correduría Pública, el compareciente a mi juicio tiene capacidad legal, para contratar y obligarse, y lo orienté acerca del valor y consecuencias legales del presente acto, no encontrando en él manifestaciones evidentes de incapacidad natural y/o legal, y sin tener noticias de que se encuentre sujeto a interdicción.- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

III.- Que el compareciente advertido de las penas en que incurren quienes declaran con falsedad ante Fedatario Público, por sus generales manifestó ser: - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**ROMUALDO SEGOVIA SERRANO**, mexicano, originario de México, Distrito Federal, lugar donde nació el día dos de agosto de mil novecientos sesenta y uno, casado, Abogado, con domicilio en Periférico Sur número cuatro mil ochocientos veintinueve, cuarto piso, Colonia Parques del Pedregal, Código Postal catorce mil diez, Delegación Tlalpan, en esta ciudad. - - - - - - - - - - - - - - - - - - - - - -

IV.- Que con fundamento en el artículo treinta y dos, fracción seis (romano) del Reglamento de la Ley Federal de Correduría Pública, el compareciente no se identificó ante mí, en virtud de conocerlo personalmente.- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**JUAN M. ALVAREZ MORENO**
CORREDOR PUBLICO No. 46 DEL DISTRITO FEDERAL

5

V.- Que habiéndole leído y explicado al compareciente el contenido de la presente acta, manifestó su conformidad con ella, momento en que la autorizo definitivamente.- - - - - - - - - - - - - - - - - - - - - - - -

VI.- Que la presente acta se levanta por duplicado y que consta de **cinco** páginas útiles, quedando una en poder del suscrito corredor público y la otra se entrega al compareciente. - - - - - - - - - - - - - -

- - - - - - - - - - - - - - - **F I R M A S** - - - - - - - - - - - - - - - - - -

**ROMUALDO SEGOVIA SERRANO** - - - - - - - - - - RUBRICA - - - -

**JUAN MARTIN ALVAREZ MORENO,** CORREDOR PUBLICO NUMERO CUARENTA Y SEIS DEL DISTRITO FEDERAL - - - - - - - - - RUBRICA.- - - EL SELLO DE AUTORIZAR.- - - - - - - - - - - - - - - - - - - MEXICO, DISTRITO FEDERAL, A **TRECE** DE **ENERO** DE DOS MIL TRES. - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - DOY FE. - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -



IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

VENANCIO SIFUENTES *et. al*,  §
 §
 Plaintiffs,  §
 §
vs.  §  CIVIL CAUSE NO. B-02-233
 §
GRUPO TRANSPORTACIÓN  §
FERROVIARIA MEXICANA, S.A. DE  §
C.V.,*et. al*,  §
 §
 Defendants.  §

AFFIDAVIT OF ROMUALDO SEGOVIA SERRANO

MEXICO CITY  §
 §
MEXICO  §

BEFORE ME, the undersigned Notary Public, on this day personally appeared
ROMUALDO SEGOVIA SERRANO, who, being by me duly sworn on oath deposed and said
the following:

1.     My name is Romualdo Segovia Serrano. I am over 18 years of age and have
personal knowledge of the facts contained in this affidavit.

2.     I am the Corporate Secretary for Grupo Transportación Ferroviaria Mexicana,
S.A. de C.V. ("Grupo TFM"), a defendant in the above styled case. Grupo TFM is a holding
company, incorporated under the laws of the United Mexican States, and with its principal place
of business in Mexico City, Mexico.

3.     As a holding company, Grupo TFM does not conduct business anywhere other
than Mexico. Rather, it merely owns stock in companies that do business outside of Mexico. To

my knowledge, Grupo TFM does not directly own any property or conduct any operations within the State of Texas.

4. The lawsuit complains about injuries arising out of a grade crossing accident occurring in Mexico. On information and belief, this accident involved a train operated by TFM, S.A. de C. V. ("TFM").

5. TFM is a corporation duly organized and existing under the laws of the United Mexican States. TFM is a subsidiary of Grupo TFM.

Further Affiant sayeth not.

_____
Romualdo Segovia Serrano

SUBSCRIBED AND SWORN TO BEFORE ME by the said ROMUALDO SEGOVIA SERRANO, on this the 13th day of January 2003.

_____
JUAN M. ALVAREZ MORENO
Notary Public 46 México City, México

86527.000016 DALLAS 33223v1



**EN LA CORTE DE DISTRITO DE LOS ESTADOS UNIDOS DE AMÉRICA POR EL DISTRITO SUR DEL ESTADO DE TEXAS, DIVISIÓN BROWNSVILLE.**

VENANCIO SIFUENTES *et. al,*　　　§
　　　　　　　　　　　　　　　　　§
　　　Actores,　　　　　　　　　　§
　　　　　　　　　　　　　　　　　§
vs.　　　　　　　　　　　　　　　§　　　CAUSA NO. B-02-233
　　　　　　　　　　　　　　　　　§
GRUPO TRANSPORTACIÓN　　　　　§
FERROVIARIA MEXICANA, S.A. DE　§
C.V.. *et. al,*　　　　　　　　　　§
　　　　　　　　　　　　　　　　　§
　　　Defendidos.

**DECLARACIÓN DE ROMUALDO SEGOVIA SERRANO**

CD. DE MÉXICO　　　　§
　　　　　　　　　　　§
MÉXICO　　　　　　　§

　　　ANTE MI, el suscrito Corredor Público, en esta fecha se presentó personalmente ROMUALDO SEGOVIA SERRANO, quién, bajo protesta de decir verdad, indicó lo siguiente:

　　　1.　　Mi nombre es Romualdo Segovia Serrano. Soy mayor de 18 años de edad y tengo conocimiento personal de los hechos que se contienen en la presente declaración ("*affidavit*").

　　　2.　　Soy el Secretario Corporativo de Grupo Transportación Ferroviaria Mexicana, S.A. DE C.V. ("Grupo TFM"), una demandada del caso citado en la referencia. Grupo TFM es una empresa controladora, constituida conforme a las leyes de los Estados Unidos Mexicanos, con domicilio social ("principal") en la Ciudad de México, Distrito Federal, México.

　　　3.　　Como empresa controladora, Grupo TFM no hace negocios en otro lugar distinto de México. Por el contrario, solo tiene acciones de empresas que lo hacen fuera de México.

Hasta donde tengo conocimiento, Grupo TFM no posee directamente propiedad alguna ni mantiene operaciones en el estado de Texas.

4.     La reclamación referida versa sobre daños derivados de un accidente de crucero ocurrido en México. Derivado de la información que me consta, este accidente involucra a un tren operado por TFM, S.A. DE C.V. ("TFM").

5.     TFM es una empresa debidamente organizada y constituida de conformidad con las leyes de los Estados Unidos Mexicanos. TFM es una subsidiaria de Grupo TFM.

Nada más que decir.

Romualdo Segovia Serrano

PROTESTADO Y FIRMADO ANTE MI por ROMUALDO SEGOVIA SERRANO, en esta fecha, 13 de enero del 2003.

JUAN M ALVAREZ MORENO
Corredor Público 46 Ciudad de México, México

LICENCIADO JUAN MARTIN ALVAREZ MORENO, TITULAR DE LA CORREDURIA PUBLICA NUMERO CUARENTA Y SEIS DEL DISTRITO FEDERAL: ----------------------------------------------------------------
C E R T I F I C O: QUE EL SEÑOR LICENCIADO ROMUALDO SEGOVIA SERRANO, EN REPRESENTACION DE "GRUPO TRANSPORTACION FERROVIARIA MEXICANA" SOCIEDAD ANONIMA DE CAPITAL VARIABLE, ANTE LA FE DEL SUSCRITO CORREDOR, RATIFICO EL CONTENIDO DEL DOCUMENTO DE FECHA TRECE DE ENERO DE DOS MIL TRES, QUE ANTECEDE A LA PRESENTE DOCUMENTO COMPUESTO DE CUATRO PAGINAS UTILES, RECONOCIENDO COMO SUYA LA FIRMA QUE LO CALZA POR SER LA MISMA QUE UTILIZA EN TODOS LOS ACTOS. ----------------------------------------------------------------
HABIENDOSE LEVANTADO PARA CONSTANCIA EL ACTA NUMERO SEIS MIL NOVECIENTOS NOVENTA Y UNO, CON ESTA FECHA. -----------------
EL SEÑOR LICENCIADO ROMUALDO SEGOVIA SERRANO, ME ACREDITO LA LEGAL EXISTENCIA DE SU REPRESENTADA Y LA PERSONALIDAD CON QUE SE OSTENTA, MISMA QUE BAJO PROTESTA DE DECIR VERDAD MANIFIESTA QUE NO LE HA SIDO REVOCADA, MODIFICADA, NI EN FORMA ALGUNA VARIADA, CON EL DOCUMENTO QUE HA QUEDADO DESCRITO EN EL CUERPO DEL ACTA ANTERIORMENTE CITADA.-------- --------------------------------------
MEXICO, DISTRITO FEDERAL, A TRECE DE ENERO DE DOS MIL TRES. DOY FE. ----------------------------------------------------------------
JMAM'ag*



SECRE
ECO
DIREC
CORREDU

JUAN MARTIN ALVAREZ MORENO
TITULAR DE LA CORREDURIA PUBLICA
NUMERO CUARENTA Y SEIS
DEL DISTRITO FEDERAL









**SECRETARIA DE ECONOMÍA**

LA SUSCRITA, SUBDIRECTORA AUTORIZACIONES Y DIFUSIÓN DE CORREDURÍA PÚBLICA, ADSCRITA A LA DIRECCIÓN GENERAL DE NORMATIVIDAD MERCANTIL DE LA SECRETARÍA DE ECONOMÍA, CON FUNDAMENTO EN LO DISPUESTO POR LOS ARTÍCULOS 1°, 2°, 3° FRACCIÓN I, 12 FRACCIÓN III DE LA LEY FEDERAL DE CORREDURÍA PÚBLICA; 1°, 19, 27 DE SU REGLAMENTO; 20 FRACCIÓN XVII Y ÚLTIMO PÁRRAFO DEL REGLAMENTO INTERIOR DE LA SECRETARÍA DE ECONOMÍA:

**CERTIFICO**

QUE LOS SELLOS, RÚBRICAS Y FIRMAS, QUE RESPECTIVAMENTE APARECEN EN EL ACTA NÚMERO 6991 (SEIS MIL NOVECIENTOS NOVENTA Y UNO), RELATIVA A LA RATIFICACIÓN DE DOCUMENTO Y FIRMA A CARGO DEL SEÑOR ROMUALDO SEGOVIA SERRANO, EN SU CARÁCTER DE SECRETARIO, SIN FORMAR PARTE DEL CONSEJO DE ADMINISTRACIÓN, DE LA SOCIEDAD DENOMINADA "GRUPO TRANSPORTACIÓN FERROVIARIA MEXICANA" SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, CONSTA EN 3 (TRES) HOJAS ÚTILES: 2 (DOS) IMPRESAS POR AMBOS LADOS Y 1 (UNA) IMPRESA SÓLO POR SU LADO ANVERSO, ASÍ COMO UN ANEXO CONSISTENTE EN 4 (CUATRO) HOJAS ÚTILES: 3 (TRES) IMPRESAS SÓLO POR SU LADO ANVERSO Y 1 (UNA) IMPRESA POR AMBOS LADOS, DICHOS SELLOS, RÚBRICAS Y FIRMAS, CONCUERDAN TOTALMENTE A LOS QUE SE ENCUENTRAN REGISTRADOS BAJO EL NÚMERO 163 (CIENTO SESENTA Y TRES), A FOJAS    25 (VEINTICINCO) DEL LIBRO DE REGISTRO DE CORREDORES NÚMERO 2 (DOS) DE ESTA UNIDAD ADMINISTRATIVA, MISMOS QUE CORRESPONDEN AL LICENCIADO JUAN MARTÍN ALVAREZ MORENO, QUIEN SE ENCONTRABA EN FUNCIONES COMO CORREDOR PÚBLICO NÚMERO 48 (CUARENTA Y SEIS) EN LA PLAZA DEL DISTRITO FEDERAL, EL DÍA 13 (TRECE) DE ENERO DEL AÑO 2003 (DOS MIL TRES); POR LO ANTERIOR, HAGO CONSTAR, QUE LAS FIRMAS, RÚBRICAS Y SELLOS CITADOS SON AUTÉNTICOS Y VÁLIDOS CONFORME A LA NORMATIVIDAD ANTERIORMENTE CITADA. ESTA LEGALIZACIÓN NO PREJUZGA SOBRE EL CONTENIDO O CUMPLIMIENTO DE LA LEGISLACIÓN APLICABLE AL ACTA MATERIA DE LA PRESENTE.----------------------------------------------------------

MÉXICO, DISTRITO FEDERAL, A CATORCE DE ENERO DEL AÑO DOS MIL TRES.

**LA SUBDIRECTORA**

**GUADALUPE ROSA DUEÑAS DONNADIEU**

Este documento no es válido si presenta alguna tachadura, enmendadura o alteración y sin sello oficial que debe aparecer en la parte inferior derecha.

This document is not valid if it presents any cross out, amendment or alteration and without official seal that must appear in the right inferior side.

Ce document n'est pas valide s'il present une rature, amendement ou altération et s'il manque le sceau officier que'il doit apparaître au côté inférieur droite.



**México**
**SECRETARÍA DE GOBERNACIÓN**
**UNIDAD DE GOBIERNO**
**S.G.D.F.**

ESTA SECRETARIA NO SE HACE RESPONSABLE DEL CONTENIDO DEL DOCUMENTO

**Apostille**
(Convention de la Haye du 5 octobre 1961)

| | |
|---|---|
| Derechos | $436.00 |
| No. orden | 236/2003 |

En México el presente documento público ha sido firmado

por C. GUADALUPE ROSA DUEÑAS DONNADIEU

quién actúa en calidad de SUBDIRECTORA DE AUTORIZACIONES Y DIFUSIÓN DE CORREDURIA PUBLICA DE LA DIRECCION GENERAL DE NORMATIVIDAD MERCANTIL EL DIA 14 DE ENERO DE 2003,

y esta revestido del sello correspondiente a SECRETARIA DE ECONOMIA

Certificado en    MEXICO, D.F.    el    ANGEL DE MARIO RAYÁN, SUBDIRECTOR DE FORM

el 14    de    de    3

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **VENANCIO SIFUENTES et. al,** | § | |
| | § | |
| **vs.** | § | |
| | § | |
| **GRUPO TRANSPORTACIÓN** | § | **CIVIL CAUSE NO. B-02-233** |
| **FERROVIARIA MEXICANA, S.A. DE** | § | |
| **C.V., et. al,** | § | |

### AFFIDAVIT OF FRANK A. RUSSO

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF HARRIS | § |

BEFORE ME, the undersigned Notary Public, on this day personally appeared FRANK A. RUSSO, who, being by me duly sworn on oath deposed and said the following:

1.     My name is Frank A. Russo.  I am over 18 years of age and have personal knowledge of the facts contained in this affidavit.

2.     I am currently the corporate secretary for The Texas-Mexican Railway Company ("Tex-Mex"), named in the above referenced lawsuit.  Tex-Mex is a Texas corporation with its principal place of business in Texas.

Further Affiant sayeth not.

_____
Frank A. Russo

SUBSCRIBED AND SWORN TO BEFORE ME by the said FRANK A. RUSSO, on this the 14 day of January 2003.

_____
Notary Public, State of Texas

EILEEN FRANCO GALAN
MY COMMISSION EXPIRES
JULY 12, 2004



**EXHIBIT**

B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **VENANCIO SIFUENTES** *et. al,* | § | |
| | § | |
| **vs.** | § | |
| | § | |
| **GRUPO TRANSPORTACIÓN** | § | **CIVIL CAUSE NO. B-02-233** |
| **FERROVIARIA MEXICANA, S.A. DE** | § | |
| **C.V.,** *et. al,* | § | |
| | § | |

### AFFIDAVIT OF ROMAN A. BNINSKI

| | |
|---|---|
| STATE OF NEW YORK | § |
| | § |
| COUNTY OF NEW YORK | § |

BEFORE ME, the undersigned Notary Public, on this day personally appeared ROMAN

A. BNINSKI, who, being by me duly sworn on oath deposed and said the following:

1.    My name is Roman Bninski.  I am over 18 years of age and have personal

knowledge of the facts contained in this affidavit.

2.    I am currently the corporate secretary for Mexrail, Inc. ("Mexrail").  Mexrail is a

Delaware corporation that holds assets and conducts business in Texas.

Further Affiant sayeth not.

ROMAN A. BNINSKI

SUBSCRIBED AND SWORN TO BEFORE ME by the said ROMAN BNINSKI, on this

the ___ day of January 2003.

Notary Public, State of New York

EXHIBIT

C

KATHRYN LEE SKUBINA
Notary Public, State of New York
No. 41-4885532
Qualified in Queens County
Commission Expires Feb. 17, 200__



NOTARIA PUBLICA, CORTE DE DISTRITO DE LOS ESTADOS UNIDOS DE AMÉRICA POR EL
LIC. JOSE JUAN SERNA IBARRA   DISTRITO SUR DEL ESTADO DE TEXAS, DIVISIÓN BROWNSVILLE.
MONTERREY, N. L., MEX.

VENENCIO SIFUENTES et. al,                          §
                                                    §
         Actores,                                   §
                                                    §
vs.                                                 §          CAUSA CIVIL NO. B-02-233
                                                    §
GRUPO TRANSPORTACIÓN                                §
FERROVIARIA MEXICANA, S.A. DE                       §
C.V.,et. al,                                        §
                                                    §
         Defendidos.                                §

### DECLARACIÓN DE JORGE LICÓN

MONTERREY                          §
                                   §
NUEVO LEON, MEXICO                 §

ANTE MI, el suscrito Notario Público, en esta fecha se presentó personalmente JORGE

LICÓN, quien, bajo protesta de decir verdad, indicó lo siguiente:

1.       Mi nombre es Jorge Licón. Soy mayor de 18 años de edad y tengo conocimiento

personal de los hechos que se contienen en la presente declaración ("*affidávit*").

2.       Soy el Director de Operaciones de TFM, S.A. de C.V. ("TFM").

3.       TFM tiene una concesión otorgada por el Gobierno Federal de los Estados Unidos

Mexicanos para operar un ferrocarril exclusivamente en México. Lo más cercano que TFM

puede operar de Texas es en el punto medio del puente internacional existente entre México y los

Estados Unidos, en la frontera con Laredo. Nosotros denominamos este punto céntrico como la

"línea amarilla".

4.       TFM opera trenes hasta la línea amarilla. En ese punto, la tripulación de TFM

desembarca la locomotora y la tripulación de otro tren lo mueve al interior de Texas. De forma

AFFIDAVIT OF JORGE LICÓN                                                          Page 3



**EXHIBIT**

D

similar, las tripulaciones de TFM toman las operaciones de los trenes que vienen de Texas hacia México, en dicha línea amarilla.

5.    Tengo conocimiento del accidente ferroviario entre un camión y un tren de TFM, ocurrido en o cerca del 18 de diciembre del 2000, en Santa Catarina, Nuevo León, México (el "Accidente"). TFM tiene y opera el tren involucrado en dicho accidente. La tripulación del tren de los nombres involucrada en el Accidente son empleados de TFM.    Ambas personas de la tripulación son ciudadanos mexicanos.

6.    Ninguna de las siguientes sociedades ejerce control sobre las operaciones de los trenes de TFM que corren por Santa Catarina, Nuevo León, México:  (1) Grupo Transportación Ferroviaria Mexicana, S.A. de C.V., (2) The Texas-Mexican Railway Company, (3) Mexrail, Inc., (4) Kansas City Southern, (5) el Kansas City Southern Railway Company.

Sin otra cuestión que declarar.

_____
Jorge Licón

PROTESTADO Y FIRMADO ANTE MI por JORGE LICON, en esta fecha, 15 de enero del 2003. ACTA FUERA DE PROTOCOLO NUMERO:- 536/2003.

_____
Notario Público, Monterrey, Nuevo León

NOTARIA PUBLICA No 50
TITULAR
LIC. JOSE JUAN SERNA IBARRA
e MONTERREY, N. L. MEX.
Primer Distrito

AFFIDAVIT OF JORGE LICON                                        PAGE 4



NOTARIA PUBLICA No. 50
LIC. JOSE JUAN SERNA IBARRA
TITULAR
MONTERREY, N. L., MEX.
PRIMER

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

EFRAIN CIO SIFUENTES et. al,                    §
                                                §
        Plaintiffs,                             §
                                                §
vs.                                             §        CIVIL CAUSE NO. B-02-233
                                                §
GRUPO TRANSPORTACION                            §
FERROVIARIA MEXICANA, S.A. DE                   §
C.V., et. al,                                   §
                                                §
        Defendants.                             §

## AFFIDAVIT OF JORGE LICON

MONTERREY          §
                   §
NUEVO LEON, MEXICO §

BEFORE ME, the undersigned Notary Public, on this day personally appeared JORGE LICON, who, being by me duly sworn on oath deposed and said the following:

1.      My name is Jorge Licon. I am over 18 years of age and have personal knowledge of the facts contained in this affidavit.

2.      I am the Chief Operating Officer for TFM, S.A. de C.V. ("TFM")

3.      TFM owns a concession title granted by the Federal Government of the United Mexican States for the operation of a railroad exclusively within Mexico. The closest that TFM's operations come to Texas is the middle point of the international bridge between Mexico and the United States, at the border with Laredo. We call this center point the "yellow line."

4.      TFM operates trains to the yellow line. At that point, the TFM crew disembarks the locomotive and another train crew will then move the train into Texas. Similarly, TFM crews take over the operations of trains coming from Texas to Mexico at the yellow line.

5    I am aware of the train accident between a bus and a TFM train occurring on or about December 18, 2000 in Santa Catarina, Nuevo Leon, Mexico (the "Accident")  TFM owns and operates the train that was involved in the Accident. The two-man train crew involved in the Accident are TFM employees.  Both crew members are Mexican citizens.

6    None of the following entities exercise any operational control of the TFM trains moving through Santa Catarina, Nuevo Leon, Mexico:  (1) Grupo Transportación Ferroviaria Mexicana, S.A. de C.V., (2) The Texas-Mexican Railway Company, (3) Mexrail, Inc., (4) Kansas City Southern, (5) The Kansas City Southern Railway Company.

Further Affiant sayeth not.

_____
Jorge Licon

SUBSCRIBED AND SWORN TO BEFORE ME by the said JORGE LICON, on this the 15th, day of January 2003.

ACTA FUERA DE PROTOCOLO NUMERO:- 536/2003.

_____
Notary Public, Monterrey, Nuevo León

NOTARIA PUBLICA No. 50
TITULAR
LIC. JOSE JUAN SERNA IBARRA
MONTERREY, N. L., MEX.
PRIMER DISTRITO

01/15/03  WED 17:37  [TX/RX NO 8841]

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **VENANCIO SIFUENTES** *et. al,* | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **vs.** | § | **CIVIL CAUSE NO. B-02-233** |
| | § | |
| **KANSAS CITY SOUTHERN INDUSTRIES,** | § | |
| **INC.** *et. al,* | § | |
| | § | |
| **Defendants.** | § | |

## ORDER GRANTING DEFENDANTS' GRUPO TFM AND THE TEXAS MEXICAN RAILWAY COMPANY MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND FORUM NON CONVENIENS

ON THIS DAY the Court considered Defendants' motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure based on the lack of subject matter jurisdiction and motion to dismiss under the doctrine of forum non conveniens (the "Motion"). After consideration of the pleadings, the Motion, the evidence filed in support of the Motion, and any response or evidence filed in opposition to the Motion, the Court is of the opinion that the Motion has merit and should be GRANTED;

IT THEREFORE ORDERED THAT

1.    Defendants' Motion to Dismiss under Rule 12(b)(1) due to a lack of subject matter jurisdiction and under doctrine of forum non conveniens is granted;

2.    All causes of action or claims asserted in this suit are DISMISSED.

Signed this the _____ day of _____ 2003

_____

UNITED STATES DISTRICT JUDGE